## Scott v. Commonwealth.

(Decided April 24, 1923.)

## Appeal from Trimble Circuit Court.

1. Intoxicating Liquors—Indictment for Unlawfully Selling Held Sufficient.—An indictment accusing defendant of the offense of unlawfully selling intoxicating liquors, committed in manner and form as follows, to-wit: That accused in the county stated, "on the — day of March, 1922, and within twelve months before the finding of the indictment, did unlawfully sell intoxicating liquors, to-wit, moonshine or illicit whiskey, to Ben Tingle, and not for mechanical, medicinal, scientific, or sacramental purposes"—was not subject to demurrer.

2. Intoxicating Liquors—Testimony of Prosecuting Witness Held Sufficient to Show Unlawful Sale.—Testimony by prosecuting witness that defendant sold him two drinks of moonshine whiskey, for which he paid defendant 25 cents a drink, held sufficient to sustain a conviction notwithstanding defendant's denial that he received any pay for the whiskey, which he admitted he gave to the witness, and evidence of other witnesses that prosecuting witness and defendant were not on speaking terms.

3. Criminal Law—It is Jury's Province to Fix the Weight of Evidence.—It is within the province of the jury to fix the weight and importance to be given evidence, in a case where there is conflict

and a verdict will not be disturbed where there was evidence for the Commonwealth to support it.

EUGENE MOSLEY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Scott, who was convicted in the Trimble circuit court on an indictment accusing him of the offense of selling intoxicating liquors not for mechanical, medicinal, scientific or sacramental purposes, urges a reversal of the judgment against him (1), because he says the demurrer should have been sustained to the indictment; (2) the evidence was insufficient to warrant the submission of the case to the jury.

(1) The indictment is in the usual form and accuses Prentice Scott of the offense of unlawfully selling intoxicating liquors committed in manner and form as follows, to-wit, the said Prentice Scott, in the said county of Trimble on the — day of March, 1922, and within twelve months before the finding of this indictment, did unlawfully sell intoxicating liquors, to-wit, moonshine or illict whiskey, to Ben Tingle, and not for mechanical, medicinal, scientific or sacramental purposes. The indictment was not subject to demurrer and the trial court did not err in overruling the demurrer interposed by appellant.

(2) The prosecuting witness Tingle testified on the trial that he attended a public sale at a certain place in Trimble county in March, 1922, and that while there appellant Scott sold him from a glass jug two drinks of moonshine whiskey at the price of twenty-five (25c) per drink, and that he paid appellant that sum for each drink, which sum the said appellant accepted and converted to his own use.

The appellant testified that he did not sell the witness Tingle any whiskey at the time mentioned by him or at any other time; that he and the witness were enemies and had not spoken for several years. But he admitted that on the occasion mentioned by the witness he did allow the witness to drink some of his whiskey from a glass jug, but denied he received any pay for it, although he says the witness offered to pay him. Several other witnesses were called to prove that the witness and appellant were not on speaking terms.

As there was evidence for the Commonwealth sufficient to carry the case to the jury, it was for that body to determine whether it would accept as true the evidence of the witness Tingle who testified for the Commonwealth, or the evidence of appellant and his witnesses. It is within the province of the jury to fix the weight and importance to be given to evidence in cases like this one. The conduct of witnesses while on the stand, their general appearance, the facial expression and the movement of the eyes, have much to do with the weight and credibility of the evidence. The jury saw all this and concluded that the witness Tingle told the truth and, therefore, found appellant guilty. That there was evidence on the other side does not militate against the right of the jury to find the evidence for the Commonwealth true and the other wholly false. We find no reason to disturb the verdict and judgment entered thereon.

Judgment affirmed.