## George v. Commonwealth.

(Decided May 4, 1923.)

## Appeal from Pike Circuit Court.

1. Criminal Law—Commonwealth's Failure to Produce Search War-
rant is Waived by Defendant's Failure to Object to Oral Evidence
of its Contents.—The failure of the Commonwealth to produce a
valid search warrant by which the evidence introduced against
defendant was obtained was waived by defendant where he made
no objection to oral testimony by the witnesses as to the exist-
ence and contents of the search warrant.
2. Intoxicating Liquors—Evidence Held Sufficient to Sustain Con-
viction for Manufacturing.—Evidence as to the finding of utensils
suitable for distilling on defendant's premises, showing evidence
of recent use, in connection with defendant's explanation of their
presence, which did not explain all the circumstances, held suf-
ficient to sustain a conviction for manufacturing intoxicating
liquors, though it more clearly proved the distinct offense of pos-
sessing an illicit still.
3. Criminal Law—Duplicity is Cured by Election to Prosecute for
Only One Offense Charged.—An objection that an indictment was
duplicitous was cured by the Commonwealth's election to try de-
fendant on only one of the offenses charged in the indictment.
4. Criminal Law.—Verdict Cannot be Disturbed Unless Flagrantly
Against the Evidence.—The jury are the triers of the fact, and it is
not the province of the Court of Appeals to disturb their finding
unless it be so flagrantly against the evidence as to indicate that
it was the result of passion or prejudice and to such an extent as
to shock the conscience of the court.

PICKLESIMER & STEELE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Pete George, upon his trial in the Pike
circuit court under an indictment returned therein was
convicted of the offense of illegally manufacturing spirit-
uous, vinous and malt liquors. His motion for a new
trial was overruled and he prosecutes this appeal relying
for reversal principally upon the ground that the evi-
dence of the Commonwealth was insufficient to sustain
the conviction and that his motion for a peremptory in-
struction should have prevailed, although he makes num-
erous other complaints in his application for a new trial.

The facts testified to by the witnesses, upon which reliance is had for the conviction, were obtained under a search warrant which was not produced, nor was the affidavit upon which it issued. The witnesses testified that they made the search under a warrant issued by a justice of the peace upon an affidavit made by a Mr. Sanders, and they testified that the warrant directed the searching of defendant's residence wherein the incriminating evidence was found. The production of the warrant was not demanded nor was there any objection to the testimony of the witnesses as to its contents upon the ground that its loss had not been sufficiently accounted for, or upon any other ground. We have held in a number of recent cases that the burden was upon the Commonwealth to show a valid search warrant, if required to do so by defendant, and that it was incompetent to show by parol proof the contents of the warrant until its loss was accounted for in the legal way; but the same cases furthermore hold that such matters may be waived by defendant and that if he permits the testimony to be introduced without objection the waiver will be complete. The objection, therefore, as to the competency of the testimony may not, under the cases referred to, be considered.

The officers found in defendant's residence in the search made by them some kind of copper container with a copper lid in the middle of which was a hole with some soldering around it indicating that something had been soldered to it and the container had raisins and other substances adhering to its inner sides indicating that some substance had been used therein containing raisins. They found on the premises some ten or twenty gallons of a substance made of or containing raisins and from which, under the proof, an intoxicating liquor called "raisin jack" could be distilled. There was also testimony as to defendant's reputation as a dealer in or manufacturer of intoxicating liquors. Defendant admitted owning the copper container but said that he had purchased it for strictly legal domestic purposes and used it in cooking and washing and sometimes for making soap, but he failed to explain the hole in the top of the lid or the soldering around it. He likewise admitted owning and possessing the substance containing the raisins but said that he was preparing to make of it some kind of sacred drink used by the nationality of people to which he belonged on sacred days and occasions.

Clearly the evidence, the substance of which we have given, was relevant to prove the offense with which defendant was charged though it but circumstantially did so, and we are not prepared to say that it was not sufficient to sustain the verdict of the jury although it more clearly proved the independent and distinct offense of owning and possessing an illicit still which is one created by the same section of the statute as that for which the defendant was tried.

Another ground relied on in the motion for a new trial was that the indictment was duplicitous and the demurrer filed thereto should have been sustained. The indictment was faulty in that respect but upon the filing of the demurrer the Commonwealth elected to try defendant on the single charge of unlawfully manufacturing intoxicating liquors, and it has been uniformly held that such an election cured the objection upon which this complaint is made. Complaint is also made of the instructions which the court gave to the jury but we have examined them and they conform substantially, if not literally, to the correct rules of practice and we detect no error therein, nor is any pointed out in brief of counsel.

While the evidence is not as conclusive as it might have been the jury were the triers of the facts and it is not the province of this court to disturb their finding, unless it is so flagrantly against the evidence as to indicate that it was the result of passion or prejudice and to such an extent as to shock the conscience of the court, which rule as applicable to appellate practice has been frequently announced by us.

Under that rule we do not feel authorized to disturb the verdict in this case, and finding no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.