## Wells v. Commonwealth.

(Decided September 28, 1923.)

### Appeal from Jefferson Circuit Court (Criminal Branch).

Disorderly House—Evidence Sufficient to Sustain Conviction.— Evidence held sufficient to sustain a conviction for keeping a disorderly house.

ISAAC PALMER CALDWELL for appellant.

THOS. B. McGREGOR, Attorney General, and LIBURN PHELPS, Assistant Attorney General, for appellee.

Opinion of the Court by Chief Justice Sampson—
Affirming.

Appellant Wells was indicted and convicted in the
Jefferson circuit court of the offense of "keeping a dis-
orderly house" on Broadway in the city of Louisville,
and his punishment fixed at a fine of $100.00 and six (6)
months in the county jail. In his motion for new trial he
set forth the following grounds:

(1)   The verdict of the jury is contrary to the law
and the evidence.

(2)   Appellant did not receive a fair and impartial
trial.

(3)   The court misinstructed the jury and refused to
properly instruct the jury.

Appellant's brief is directed to the single conten-
tion that there was not sufficient evidence to carry the
case to the jury and to sustain the verdict.

The alleged disorderly house was kept at No. 823
Broadway. At one time previous to the commission of
the offense charged in the indictment appellant Wells
owned the house at that number and lived in and con-
ducted it as a boarding house or hotel. He was in charge
of the place at the time of the happening of the events
which resulted in his indictment. His defense was that
he sold the place to Mr. and Mrs. Lang some time pre-
vious thereto. He contends he was not the owner or in
control of the premises at the time of the alleged public
nuisance. To sustain this contention he produced on the
trial a bill of sale of anterior date, for the property at
No. 823 Broadway from himself to John and
Mary Lang. It covered the furniture in the house
and was signed by all the parties. He also
proved by one Wright, a real estate man, that he had pre-
pared a bill of sale for appellant Wells some months be-
fore the occurrences which constitute the basis of this
prosecution. The Commonwealth introduced evidence to
prove that appellant was the proprietor of the place at
the time it was raided and the facts obtained upon which
this prosecution is based. According to the police sev-
eral complaints had been received against the house. On
a certain night about 10:30, a girl about fifteen years old,
accompanied by a man, entered the house and registered
as man and wife and were assigned by appellant to a room

and went to bed. When the police raided the place they found this girl and man lodged together. The officers were told by the man and girl that they were not married but that they expected to marry the next day. The girl testified upon the trial that either she or the man with whom she registered at the hotel had told appellant at the time they entered the house or soon thereafter that they were not husband and wife. A policewoman, who had been on duty in that section of the city for some months previous, testified to different occurrences at the house which indicated it was used for the purpose of prostitution with the knowledge of appellant. On one occasion she said she called at the house to take a girl from the place whom she had learned was lodging there, and found appellant Wells in charge. The girl whom she sought had paid a week's board, but having lodged there only one night the policewoman requested the house to return the girl part of her money and appellant Wells gave the policewoman $4.00 of the money which the girl had paid for lodging. This happened after the execution of the bill of sale. Appellant explained this by saying he was sorry for the girl and gave her back $4.00 out of pity for her. He denied, however, having any connection with the house or any interest in it whatever except as a roomer. He was in charge of the place on the night of the raid when the fifteen-year-old girl was found in one of the rooms with a man. He assigned them the room although he denies he had any connection with the place at that time except he was there as a roomer and stated that the proprietors, Mr. and Mrs. Lang, were out visiting, and to accommodate them in their absence he assigned the girl and her escort to a room.

The inferences deducible from the proven facts were sufficient to warrant the verdict returned. It was a question of fact of which the jury was the sole trier. The verdict of the jury must be accepted upon the facts where there is any evidence to support it. Wood v. Commonwealth, 198 Ky. 660; Scott v. Commonwealth, 198 Ky. 731; George v. Commonwealth, 199 Ky. 43.

We find no error prejudicial to appellant and the judgment is affirmed.