## Johnson v. Commonwealth.

(Decided December 5, 1924.)

### Appeal from Muhlenberg Circuit Court.

1. Intoxicating Liquors—Evidence Held to Sustain Conviction for Selling.—Evidence held to sustain conviction for selling intoxicating liquor.

2. Criminal Law—Province of Court of Appeals Stated.—The Court of Appeals may reverse judgment of conviction when flagrantly against evidence and supported only by indefinite and remote circumstances creating a mere suspicion of guilt, but not where evidence consists of positive and direct statements establishing guilt, if true, though counter proof introduced by defendant preponderates in favor of innocence.

WILKINS & SPARKS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, James Johnson, was arrested under a warrant issued by the county judge of Muhlenberg county in which he was charged with unlawfully selling one pint of intoxicating liquor to Harold Boyer, which was done in that county and within the period limited by the statute. On his trial before the county judge, he was convicted and appealed to the circuit court, where he was again convicted, from which judgment he prosecutes this appeal.

The only argument made in this court is that the judgment of conviction was not sustained by the evidence. Boyer, the person who bought the whiskey from appellant, according to the charge in the warrant, was absent and did not testify, but a companion who was with him at the time testified positively that appellant at a described place and named occasion sold Boyer a pint of whiskey for $4.00, and that he saw the whiskey delivered to the purchaser and the latter pay appellant therefor. The witness was standing some 25 feet from where the transaction occurred, and stated that the sale was made in a narrow space between two business houses and but a short distance back from the sidewalk, he being on the opposite side of the street. He furthermore testified that after the warrant was issued defendant came to

him and Boyer and offered them $75.00 each if they would not appear against him or if they would tell the judge that he (appellant) was not the guilty party. The father-in-law of Boyer testified that after appellant's arrest he stated to the witness that he would give Boyer and his companion, Powell, $35.00 if they would swear that he was not the man who sold the whiskey. The Commonwealth also proved the bad reputation of appellant for trafficking in intoxicating liquors. Defendant denied the sale as well as the bribery conversations attributed to him, but he admitted that he offered to pay in settlement of the charge against him as much as it would cost him to employ an attorney and defend the case. He also proved by a witness that he saw another man sell a pint of whiskey to Boyer, but whether it was the same occasion for which appellant was being tried, the witness was unable to testify. There was also testimony given by witnesses introduced by him that one standing where the prosecuting witness says he was could not have observed the transaction to which he testified because of obstructions to his view; but another witness for defendant stated that one could see that place from where the witness claims to have done, but only for a short distance from the sidewalk. With the testimony being of the character described, we are unable to discover any merit in counsel's contention.

It is true that this court is now authorized to reverse a judgment of conviction in a criminal prosecution when it is flagrantly against the evidence, and has for its support only indefinite and remote circumstances creating at best a mere suspicion of guilt, but where the evidence, as it is in this case, consists of positive and direct statements which, if true, unerringly establishes the guilt of the defendant, the judgment will not be disturbed on this ground, notwithstanding the counter proof introduced by the defendant preponderates in favor of his innocence. That rule is consistently observed by this court, a very recent case in which it was done being Scott v. Commonwealth, 198 Ky. 731. Here we have the positive statement of the prosecuting witness; the proven efforts of attempted bribery by the defendant, plus his proven reputation, all of which, to our minds, render the evidence of the Commonwealth preponderating towards guilt rather than that of defendant preponderating in favor of his innocence.

But, however that may be, under the rule, *supra,* we are not authorized to reverse the judgment upon the sole ground urged therefor, and it is accordingly affirmed.