## Pulaski Stave Company, et al. v. Sale, et al.

(Decided March 5, 1918.)

### Appeal from Lee Circuit Court.

1. **Trial—Conflicting Evidence—Directed Verdict.**—Where the evidence on the issues submitted to the jury was conflicting, it was not error to refuse defendant's request for a directed verdict.

2. **Trial—Evidence—Hearsay.**—In an action for damages for trespasses to land, where defendant was permitted to introduce, over objection of plaintiff, statements as to boundary of the lands made by a former owner of an interest therein, then deceased, it can not complain of the admission thereafter on behalf of plaintiff of similar statements made by the same person.

3.  Appeal and Error—Former Opinion—Instructions.—Upon a trial, after reversal of a judgment, an instruction given in compliance with the former opinion was not error.
4.  Trial—Instructions—Questions of Law.—In an action for damages for trespasses to land, instructions submitting to the jury the question of the construction of the language contained in a deed in evidence were properly refused.

J. K. ROBERTS and G. W. GOURLEY for appellants.

SUTTON & HURST for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This action was begun January 1, 1907, by appellees to recover damages for trespasses alleged to have been committed upon a tract of land referred to as "Maupin Hollow," in Lee county, which they claimed to own. The defendants, now appellants, admitted the removal of the timber, the alleged trespasses, but denied that plaintiffs owned the land, asserting title in themselves, and contested the amount of damages claimed.

Upon the first trial, defendants recovered judgment upon a directed verdict in their behalf. That judgment was reversed by this court in an opinion reported in 117 S. W. 404, in which the issues are clearly stated and illustrated by a plat of the premises and the cause was remanded for a submission to a jury of the simple question of fact as to the proper location of the fourth line in plaintiffs' deed described therein "thence (from the head of Wolfe's hollow) with the divide of the ridge between Cave and Wolfe hollow to Big Sinking," and shown upon the map incorporated in that opinion as the line from the figure 4 to 11, and thence to either 12 or 13. The only question left open by that opinion was whether the line from 11 to 12 or the line 11 to 13 was the ridge between Wolfe and Cave hollows, and if 11 to 13 was found to be the true location of the line in dispute, to determine the amount of damages to be awarded to plaintiffs resulting from the removal of the timber by defendants from the land between lines 11 to 12 and 11 to 13, called in the record "Maupin hollow."

Upon the last trial, under instructions which clearly presented the issue, the jury found that the line 11 to 13 on the map was the true location of the disputed part of the fourth line in plaintiffs' deed, and assessed the damages against defendants for the removal of the timber

within Maupin hollow at $2,000.00; upon that verdict, judgment was entered, from which defendants have appealed.

The errors assigned as grounds for reversal are, that the court erred in overruling their motion for a peremptory instruction; in the admission of incompetent evidence, and in the instructions given and refused.

1. The evidence introduced by the plaintiffs is to the effect that the line 11 to 13 on the map is a smooth, unbroken ridge and is the dividing ridge between Wolfe and Cave hollows; that the line 11 to 12 on the map, while having many of the characteristics of a ridge is broken in places by faults or sinks and is not the dividing ridge between Wolfe and Cave hollows. The testimony introduced in behalf of the defendants is to the effect that the line 11 to 12 is the dividing ridge between Wolfe and Cave hollows, although intersected by several faults or sinks, and is not as smooth and as continuous as the ridge represented by the line 11 to 13. There is also proof on behalf of both parties, as to which of these two ridges is the higher and as to which had been regarded as the true dividing ridge between Wolfe and Cave hollows, and as to whether or not Maupin hollow was a part of Cave hollow or an independent hollow.

It is, therefore, apparent that, upon the question of the true location of the line in dispute, directed by the former opinion of this court to be submitted to a jury, the evidence was very conflicting and the trial court did not err in refusing defendants' request for a directed verdict.

2. Defendants raise the question as to the competency of evidence admitted and excluded with reference to statements made about Maupin hollow by Robert Riddle, who at one time owned a half interest in the land now owned by defendants and claimed by them to include Maupin hollow, and who, at the time of the trial, was dead. While plaintiff, Sale, was testifying in his own behalf, he was asked this question: "Tell the jury whether or not Judge Riddle understood, at the time this deed was made to you in 1901, that this Maupin hollow land was embraced in that purchase of yours and in that deed?" The defendants objected and their objection was sustained, to which plaintiffs excepted and plaintiffs made no further attempt to introduce such evidence. When Mr. J. C. Parker, one of the defendants, was testifying for the defendants, he was asked on direct examination,

"What did he (Judge Riddle) tell you about Maupin hollow?" Plaintiff objected, and the court said: "If it is competent for one, it is competent for the other. I sustain objection to it." Later on in the examination of this same witness, defendants asked him with reference to whether or not Maupin hollow was included in a deed to defendants: "What did Judge Riddle say?" Plaintiffs objected and their objection was sustained, when counsel for defendants said: "Well, we want to avow there." The court then said: "I will say right now, that if both sides are willing that the statements that Judge Riddle made to them shall go in, let Mr. Sale come back." Counsel for defendants, "I don't think we are exactly willing." The court, "The court is of the opinion that any statement that Judge Riddle made to Mr. Sale or to Mr. Parker would be competent as evidence, the record showing that Judge Riddle is now dead, and was at one time the owner of a tract of land, owned a half interest now in the same tract of land in question." Defendants were then permitted, over the objection and exception of plaintiffs, to introduce in evidence the statements made by Judge Riddle to the defendant, Parker, with reference to the disputed question, whether Maupin hollow was or not included in the deed to plaintiffs or in that to defendants. Plaintiffs were permitted to recall plaintiff, Sale, and he, over the objection and exception of defendants, related what Judge Riddle had told him with reference to Maupin hollow.

It will be seen that the court first refused to permit plaintiffs, upon the objection of defendants, to prove any statements made by Judge Riddle with reference to the land in dispute, and the defendants afterwards offered, and were permitted to introduce the same evidence, over the objection of plaintiffs, only upon the condition that plaintiffs would be given the same privilege; and defendants, having taken advantage of this ruling in their behalf, will not thereafter be heard to complain of the exercise of the same privilege by plaintiffs. The court, upon their objection, held that such evidence was incompetent and rejected it, when offered by plaintiffs; and thereafter when it was introduced by defendants, changed his ruling upon the question of the admissibility of such evidence and permitted them to introduce it upon condition only that the same privilege would be extended to plaintiffs. We need not, therefore, decide whether the evidence was

competent, because, whether competent or not, it was put into the record by defendants themselves.

3. The only question except the extent of the damage, about which no question is made, submitted to the jury was whether the line from 11 to 12, or the line from 11 to 13, was the dividing ridge between Wolfe and Cave hollows; and this was but a compliance with the mandate of this court in the former opinion in this case, and was, of course, not error.

The instructions offered by defendants were properly refused, because they submitted to the jury the construction of the language of the deed to the defendants, a question with which they had nothing to do, rather than the question of the proper location of the line in dispute.

For reasons indicated, the judgment is affirmed.