## Commonwealth v. Chester Stringer and Killis Stringer.

(Decided September 26, 1922.)

### Appeal from Pulaski Circuit Court.

1. Criminal Law—Accomplices.—Under section 241, Criminal Code, a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense.

2. Intoxicating Liquors—Accomplices.—One who aids and assists in the unlawful manufacture of liquor is an accomplice under section 241, Criminal Code, and the uncorroborated evidence of such an accomplice is insufficient to sustain a conviction.

3.   Intoxicating Liquors—Evidence.—Where there is any competent evidence of a probative nature tending to establish the guilt of the accused, even though the preponderance of the evidence be to the contrary, it is the duty of the court to submit the issue to the jury.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and W. N. FLIPPIN for appellant.

M. L. JARVIS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Certifying the law.

This appeal is prosecuted by the Commonwealth from a judgment discharging appellees, entered on a directed verdict. The indictment accuses appellees of the crime of manufacturing whiskey by the operation of a moonshine still. Only four witnesses were called by the Commonwealth to sustain the charge; two of these were admittedly accomplices, while the evidence given by the other two was meagre and in some parts irrelevant. The Stringer boys lived with their father on a hilly farm some miles from the county seat. According to the evidence of the two accomplices the appellees operated more than one illicit distillery which manufactured whiskey. These witnesses testified that the Stringer boys told them of the distilleries and that the outfits belonged to them; and at a later date the witnesses went with the Stringers to the place where one of the stills was situated; it was raining and they tried to start fire under the boiler for the purpose of making whiskey; the wood was so wet it would not burn, and after several efforts to start the fire they temporarily abandoned the making of whiskey and returned to the house. These witnesses, so they testified, went with the Stringers for the purpose of keeping watch while the Stringers boiled the beer and made the run. As the witnesses were aiding and assisting in the manufacture of the liquor they were accomplices, and under section 241 of our Criminal Code, which reads, "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof," their evidence was not sufficient to sustain a conviction. Grau v. Commonwealth, 185 Ky. 111; Hale

v. Commonwealth, 185 Ky. 119; Gordon v. Commonwealth, 190 Ky. 172; Shuttles v. Commonwealth, 190 Ky. 176; Frazier v. Commonwealth, 190 Ky. 196; Stringer, Jr. v. Commonwealth, 192 Ky. 318; Anderson v. Commonwealth, 193 Ky. 663.

There were only two other witnesses, Calhoun and Wall. The evidence of Calhoun, a deputy sheriff, is to the effect that he with others went on the lands of the father of the Stringer boys for the purpose of searching for an illicit distillery and found two abandoned still sites, at one of which was still-slop from which whiskey had been or could have been made. This witness did not know whether either of these locations were on the Stringer land, but they were near the Stringer home and on what he was informed was the Stringer lands. He also proved that the appellees, or at least one of them, resided with their father on this farm. The testimony of the other witness, Wall, was somewhat more direct and convincing. He stated that they found a still site on the Stringer place only about a quarter or half a mile from the Stringer home, but that it might have been as much as three-quarters of a mile. One of these sites at which they found some still-slop was located in a ravine or hollow below a new clearing, and the water used for distilling purposes was obtained from a spring on the hillside. There were some utensils on the ground and other signs of the still. The two accomplices who testified in locating the distillery at which they saw appellees at work, described almost exactly the premises described by the witness Wall. Appellees did not own the land on which the still sites were found. The jury, therefore, may have well believed from the evidence that the distillery about which the two accomplices testified was the same one which was located on the site found by Wall and Calhoun, but there was no corroboration of the evidence tending to show defendants' connection with the still. Without such corroboration there could be no conviction, for the Criminal Code specifically provides that corroboration is not sufficient if it merely show the commission of the crime but does not show the connection of the defendant with its commission.

The established rule in this jurisdiction is to submit a case to the jury wherever there is any competent evidence of a probative nature tending to establish the guilt of the accused even though the preponderance of the evidence be to the contrary. Utterback v. Commonwealth,

190 Ky. 139; Daniels v. Commonwealth, 181 Ky. 392; Commonwealth v. Gritten, 180 Ky. 446; Miller v. Commonwealth, 182 Ky. 438. If, however, there is not sufficient competent evidence to convince a reasonable mind of defendants' guilt of the charge in the indictment, as in the case at bar, the court should on motion of counsel, or on its own motion, direct the jury to find and return a verdict of not guilty. The evidence of the two accomplices was not alone sufficient to carry the case to the jury. It required corroboration in every material part. As there was no corroboration of appellees' connection with the stills or the operation thereof, a directed verdict was proper and the law is so certified.