## Tucker v. Commonwealth.

(Decided April 13, 1923.)

### Appeal from McCreary Circuit Court.

1. Criminal Law—Defendant Presumed to Have Consented to Trial by Eleven Jurors.—Where the record of conviction for misdemeanor shows that only eleven jurors sat in the case, but fails to disclose that accused entered any objection in the lower court to the trial by eleven jurors, or that he offered any such ground for a new trial, it will be presumed that he agreed to the trial by eleven jurors.

2. Criminal Law—Evidence Held to Show Venue of Sale of Liquor.— In a prosecution for the unlawful sale of intoxicating liquor, an affirmative answer by the prosecuting witness to a question whether

he had bought whiskey from defendant within twelve months before he was before the grand jury "and in this county" sufficiently shows the venue.

3. Criminal Law—Buyer Held not Accomplice of Seller.—A buyer of whiskey which defendant was charged with unlawfully selling is not an accomplice, where the evidence shows no previous dealings whatever between the parties in connection with the manufacture, transportation, or sale of the whiskey.

H. M. CLINE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was convicted of selling spirituous liquors, and has appealed.

The transcript shows only eleven jurors sat in the case, and the contention is made that defendant was entitled to a full panel and to have twelve jurors sit in his case, although the record fails to disclose that he entered any objection whatsoever in the lower court to the trial by the eleven jurors, or that he offered any such ground for a new trial in his motion and grounds.

Under this state of the record, in a misdemeanor case it will be assumed that the appellant agreed to the trial by the eleven jurors.

Counsel mistakenly asserts in his brief that there is nothing to show the jury was sworn, for it is expressly stated in an order of the court that the jury was "empanelled and sworn to try the issue."

It is likewise asserted that the Commonwealth failed to show the offense was committed in McCreary county; in this counsel is likewise mistaken, for it is shown in the evidence of the prosecuting witness, Young, in answer to a question whether he had bought whiskey from defendant "Before you were before the grand jury and within twelve months before that time and in this county," and the witness promptly answered that he had.

It is likewise contended that defendant was entitled to a peremptory instruction because there was no corroboration of the testimony of the prosecuting witness, he at the time being, as asserted, an accomplice of the defendant. An examination of the evidence fails to show any intimation whatever that the witness and the defend-

ant had had any previous dealings whatsoever with reference to this whiskey, or that they had manufactured the same together, or had transported the same together or in connection with each other, or that they had any joint dealings of any kind or nature touching the ownership, transportation or sale of this whiskey. Consequently, there is no semblance of foundation for the claim. that the witness was an accomplice.

Judgment affirmed.