## Commonwealth v. Ammerman.

(Decided April 13, 1923.)

### Appeal from Boone Circuit Court.

1. Abduction—Testimony of Prosecutrix Held Sufficient to Take Case to the Jury.—Testimony by prosecutrix that defendant, on two successive evenings, when she went automobile riding with him, detained her in the automobile against her will and had intercourse with her, is sufficient to take the question of defendant's guilt of detaining a female against her will, with intent to have carnal knowledge of her, to the jury, regardless of the improbability of her testimony.

2. Criminal Law—Case Must be Submitted to Jury, Notwithstanding Weight of Evidence Favors Innocence.—Where there is any evidence, however slight, tending to connect the accused with the commission of the crime charged, the trial court must submit the case to the jury, even though the great weight of the evidence tends to prove the innocence of the accused.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and JOHN J. HOWE, Commonwealth Attorney, for appellant.

O. M. ROGERS and JOHN T. MURPHY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Certifying the law.

This is an appeal from a judgment entered on a directed verdict of not giulty in a case in which the appellee Ammerman was indicted for the crime of detaining a female against her will with intent to have carnal knowledge of her. At the conclusion of the evidence for the Commonwealth defendant Ammerman, now appellee, moved the court to direct the jury to find him not guilty upon the ground that the evidence was not sufficient to sustain the charge in the indictment, and this motion the court sustained.

The evidence by the prosecuting witness, Mary Jane Jackson, twenty-two years of age, in substance is that

she and appellee Ammerman were sweethearts and that in the summer of 1921 she was keeping company with appellee, and that she and appellee and her sister and her sister's beau went in an automobile at night to a fair; that her sister and beau alighted from the car and went into the fair grounds where they remained for something like an hour; that while they were absent appellee Ammerman put up the curtains on the car and then they moved on to the back seat of the car and he there forced her to have intercourse with him, and that this was repeated several times that night before the return of the balance of the party, and that on the following night they came back to the same place and while the prosecutrix's sister and beau were absent appellee Ammerman again detained her against her will and had intercourse with her one or more times; that appellee had with him in the car but not in his hand a pistol which put her in fear, and that she submitted on that account. While this evidence sounds very unreasonable its credibility was not for the trial judge but for the jury. There was evidence to sustain the charge in the indictment. The prosecuting witness testified positively that she was detained against her will by appellee Ammerman, and that Ammerman while so detaining her had sexual intercourse with her against her will. However improbable her story may be, it was the duty of the trial court to have submitted the case to the jury and to have allowed the jury to pass upon the credibility of the evidence.

It is a well established rule that where there is any evidence, however slight, tending to connect the accused with the commission of the crime charged, in any of its degrees, it is the duty of the trial court to submit the case to the jury, even though the great weight of the evidence tends to prove the innocence of the accused. Commonwealth v. Stringer, 195 Ky. 717; Miller v. Commonwealth, 182 Ky. 442; Feree v. Commonwealth, 193 Ky. 347; Daniels v. Commonwealth, 181 Ky. 392; Owen v. Commonwealth, 181 Ky. 257.

The court erred in sustaining the motion of appellee Ammerman for a directed verdict in his favor for the reasons above set forth, and the law is so certified.