## Wood v. Commonwealth.

(Decided April 17, 1923.)

### Appeal from Barren Circuit Court.

1.  Intoxicating Liquors—Evidence Held to Take to the Jury Defendant's Guilt of Manufacturing.—Evidence that accused was arrested at a still in a remote location, along with three other defendants, including his son, who admittedly participated in operating the

still, with evidence that defendant's reputation as a manufacturer of intoxicating liquor was bad, held sufficient to warrant the refusal of a peremptory instruction to acquit, notwithstanding defendant's testimony he had gone to that vicinity on the morning he was arrested to hunt crows.

2. Criminal Law—Guilt a Jury Question if There is Any Evidence Tending to Establish Guilt.—Where there is any evidence tending to establish guilt of accused of the offense charged against him, it is the duty of the court to submit the case to the jury under proper instructions, since it is the province of the jury, and not of the court, to determine the credibility, weight, and sufficiency of the evidence.

J. ROBT. WHITE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant Wood and three other persons were jointly indicted in the Barren circuit court for the offense of manufacturing spirituous, vinous, malt and other intoxicating liquors. Wood and one of his codefendants were jointly tried and found guilty, their punishment being fixed at a fine of $100.00 each and thirty days' confinement in the county jail. The other two defendants had been tried and convicted before the trial at which appellant was convicted. Wood alone appeals.

It is the insistence of appellant Wood that the evidence wholly fails to show his connection with the moonshine still. At the conclusion of the evidence for the Commonwealth and at the conclusion of all the evidence he moved the court to direct the jury to find him not guilty. These motions were both overruled and he excepted.

The evidence shows that the sheriff and a posse of six or seven men left the county seat after dark some time in May last for Boyd's creek, where appellant lived, and where the officers had information a moonshine still was being operated. It appears that they arrived at the place about eleven o'clock at night and found the furnace where the distillery had been but did not find the distillery until next morning. In anticipation of the return of the distillers the officers concealed themselves and awaited results. About daylight the following morning one of appellant's codefendants, Bedford Johnson, came to the

distillery and was taken in charge by the officers; a few minutes later came appellant. He was also arrested. Following this came Jerry Pedden, and later Esty Woods, and both were arrested. Esty is a son of appellant. The place where the distillery was located was in a deep ravine or hollow in a thicket near a spring. There was no road near the distillery and no path save that made by those who frequented the distillery There was a furnace on which the distillery sat when in operation. After finding the furnace at night they looked next morning for the distillery and found it hidden behind a log some yards away from the furnace. Some thirty yards from the distillery they found the worm hidden under some brush. At the furnace were found some mash barrels containing mash, beer and some singlings; an ax, saw, meal, wood and everything necessary to make whiskey. The thicket where the still was located was so dense that it was almost impossible to pass through it, and each of the defendants testifying stated that they had not traveled that way in a long time before the arrest. As an excuse for his presence at the place of the distillery on the morning of his arrest appellant Wood stated he was hunting crows and had a gun with him. His codefendant Pedden, who was convicted with him, testified he was passing that way, going to a neighbor's to borrow some seed corn, which he intended to plant that day. He admitted, however, he had worked at a distillery for fifteen years, but said he did not know anything about the business and was not a distiller. Some of the witnesses testified that they knew appellant Wood and was acquainted with his general reputation in the neighborhood where he lived, and it was bad for moonshining. One witness testified that he had seen appellant Wood in town on a night shortly before appellant's arrest, and that he saw appellant's wagon on the street late at night with some bags of meal in it. Apparently it is admitted by appellant that his son Esty was one of the owners of the distillery, but appellant vigorously denied his connection with it, and said he never made nor sold liquor, and he did not know the distillery was at the place where he was arrested until after his arrest; that he was passing that way hunting crows with his gun and heard a noise and saw the officers about the time they arrested him. While the evidence of appellant's guilt is not overwhelming there was sufficient evidence to carry the case to the jury and sufficient to sustain the verdict. In several recent cases we have

held that where there is any evidence tending to establish the guilt of the accused of the offense charged against him, it is the duty of the court to submit the case to the jury under proper instructions. In other words, it is the province of the jury and not of the court to determine the credibility, weight and sufficiency of the evidence to establish guilt in a criminal case. In no case should the trial court direct a verdict of acquittal where there is any evidence tending to establish the guilt of the defendant of the charge in the indictment. Commonwealth v. Ammerman, 198 Ky. 614; Commonwealth v. Stringer, 195 Ky. 717; Miller v. Commonwealth, 182 Ky. 442; Feree v. Commonwealth, 193 Ky. 347; Daniel v. Commonwealth, 181 Ky. 392; Owen v. Commonwealth, 181 Ky. 257.

Following the rule laid down in the foregoing cases, the trial court did not err in submitting the case to the jury.

No error appearing to the prejudice of the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed. Judge McCandless not sitting.