## Commonwealth v. Bowling Green Athletic Club.

(Decided May 8, 1923.)

### Appeal from Warren Circuit Court.

Indictment and Information—Allegation of Time of Offense Held Insufficient.—In an indictment for misdemeanor alleging that the offense was committed "on the — day of ——, A. D. 192—, and before the finding of the indictment," did not show that the offense was committed within twelve months before the finding of the indictment, and was therefore insufficient.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, JOHN A. LOGAN, GAINES & GARDNER and ALEX. CHANEY for appellant.

BELL & CORN, THOMAS, THOMAS & LOGAN, MAX B. HARLIN and B. S. HUNTSMAN for appellee.

Opinion of the Court by Judge Clay—Affirming.

This is an appeal from a judgment sustaining a demurrer to and dismissing the following indictment:

"The grand jury of the county of Warren, in the name and by the authority of the Commonwealth of Kentucky, accuse Bowling Green Athletic Association of the offense of unlawfully conducting a business on the Sabbath day and employing other persons in labor or business committed as follows, to-wit: the said Bowling Green Athletic Association, heretofore, to-wit, on the — day of —, A. D. 192—, and before the finding of this indictment, in the county aforesaid, did unlawfully work and engage in business of playing ball at the Fair Ground near the city of Bowling Green on the Sabbath day, said work not being ordinary household offices or other work of necessity or charity or work required in the maintenance or operation of ferry, skiff or steamboat or steam or street railroad and did then and there employ other persons to labor and engage in the busniess as aforesaid, nor permitted as above set out. The said defendant and persons so employed not being members of a religious society who observe as the Sabbath day any other day in the week than Sunday. The said Bowling Green Athletic Club is a corporation duly organized and existing under the laws of state of Kentucky. Contrary to the form of the statutes made and in such cases provided. Done as aforesaid within the year last past, and against the peace and dignity of the Commonwealth of Kentucky."

It is essential to the validity of an indictment for a misdemeanor that it allege that the offense was committed within twelve months before the finding of the indictment, or on some particular day within that period. Meredith v. Commonwealth, 192 Ky. 377, 233 S. W. 793.

Here the indictment merely alleged that the offense was committed "on the — day of — A. D. 192—, and before the finding of this indictment." In other words, it left the date of the crime blank and did not allege that it was committed within twelve months before the finding of the indictment. For this reason the indictment was insufficient and the court did not err in so holding. This conclusion makes it unnecessary to determine whether the indictment is sufficient in other respects.

Judgment affirmed.