## Goff and Hunt v. Commonwealth.

(Decided October 5, 1923.)

### Appeal from Edmonson Circuit Court.

1. Indictment and Information—Indictment Held to Sufficiently Show Time of Offense.—An indictment for possession of parts of moonshine still, alleging that the acts were committed "heretofore, to wit on the —— day of ——, A. D. 192—," and closing with the statement "done as aforesaid within the year last passed, etc.," held to sufficiently charge that the offense was committed before the finding of the indictment and within the preceding twelve months, regardless of the blanks in the date line.

2. Indictment and Information—Reason for Alleging Time of Commission of Offense.—The reason that an indictment for a misdemeanor must allege its commission within twelve months or any other length of time before the finding of an indictment is to show that the offense charged was not barred by limitation.

3. Criminal Law—Production of Search Warrant and Affidavit as Best Evidence Waived.—Where defendants permitted the Commonwealth to prove without objection, or proved themselves, by oral proof, the existence, contents, and legality of a search warrant, and the affidavit upon which it issued, they waived the production of the affidavit and warrant, or proof of their loss, as the best evidence of the essential facts.

4. Criminal Law—Evidence Obtained by Search Admissible, When no Objection to Parol Proof of Search Warrant.—Where defendants permitted the Commonwealth to prove without objection the existence, contents and legality of a search warrant and affidavit upon which it issued, they could not later object to the introduction of the evidence obtained by the search.

5. Intoxicating Liquors.—Evidence Insufficient to Sustain Conviction for Possession of Parts of Moonshine Still.—A conviction for possession of parts of a moonshine still was not warranted by evidence that defendant was in possession in his home of an ordinary kettle top made of copper, which could not be used as part of a still without a hole being made in it for the attachment of a worm, and evidence that a tenant upon his farm had parts of a still in his house of which he had full possession, defendant having no knowledge of the presence of the parts of the still therein.

B. M. VINCENT and M. M. LOGAN for appellants.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming as to Hunt but reversing as to Goff.

Appellants were jointly indicted, tried together, and both convicted of having in their possession parts of a moonshine still.

For reversal their first insistence is that the court erroneously overruled their demurrer to the indictment. The only criticism of the indictment is that it fails to charge that the offense, a misdemeanor, was committed before the finding of the indictment and within the preceding twelve months. In this counsel are clearly mistaken. It is alleged therein that the acts constituting the offense were committed by the defendants "heretofore, to-wit: On the — day of ——, A. D. 192—."

Regardless of the fact that the date line, because of its blanks, is wholly insufficient for any purpose, the word "heretofore" is a sufficient charge that the offense was committed before the finding of the indictment, as was expressly held in Commonwealth v. Bowling Green Athletic Club, 199 Ky. 96, 250 S. W. 795. Following this statement, and after stating the commission by the defendants of the acts constituting the offense, the indictment closes with this statement:

"Done as aforesaid within the year last past, and against the peace and dignity of the Commonwealth of Kentucky."

This certainly is a clear, although an unusual statement that the described offense was committed both before the finding of the indictment and within twelve months theretofore, and obviously there is no merit in this contention.

In none of the many cases cited by counsel on this point were the facts anything like these. It is true, however, that in Commonwealth v. Bowling Green Athletic Club, *supra,* the indictment was worded precisely as is this one, and that—directing our attention solely to that part of the indictment where these essential statements are usually found, and overlooking its concluding statement—we held that indictment bad, because, as stated, it failed to allege the offense "was committed within twelve months before the finding of the indictment," when, in fact, from the indictment copied therein it readily can be seen it was clearly stated there, just as it is here, that the acts constituting the offense were "Done as aforesaid within the year last past."

We were therefore wrong in the reason given, but not in holding that indictment bad, since Sabbath-breaking the offense there charged, is barred by limitations in six months (section 1138, Kentucky Statutes), rather than in twelve months, as is the offense charged here, and as is usual in misdemeanor cases.

The reason that an indictment for a misdemeanor must allege its commission within twelve months, or any other length of time before the finding of the indictment, is to show that the offense charged is not barred by limitations. Hence the allegation, "Done within year," etc., was not sufficient in that case, as it is here.

The next contention is that all evidence, if any, of guilt by either defendant was incompetent and erroneously admitted because obtained by a search of their homes by officers acting under a search warrant not shown to have been of legal sufficiency for the purpose.

The warrant was not produced, and the sole basis of this contention is that oral evidence of its existence, contents and legality was not admissible because of the Commonwealth's failure satisfactorily to prove its loss, as we frequently have held it must do under the best evidence rule. But clearly none of these cases upon which alone appellants rely in support of this contention is applicable here, even if we might assume that the loss of the warrant was not satisfactorily established by the Commonwealth, which, however, we do not think is true. Defendants permitted the Commonwealth to prove without objection, or proved themselves by oral proof, the existence, contents and legality of both the search warrant and the affidavit upon which it issued. By so doing, they clearly waived the production of the warrant and affidavit, or proof of their loss as the best evidence of the essential facts.

They did object later to the introduction of the evidence obtained by the search, but it was then too late, since its competency already had been established, by oral proof rather than by the record, it is true, but without objection, showing that the affidavit, the warrant, and the search were legal. Hence there is no merit in this contention.

The final contention is, that even under all the evidence admitted, there is no proof that the appellant Goff had in his possession any part of a still, and that the court therefore erred in refusing to direct his acquittal.

The only thing found in Goff's home or possession was an ordinary kettle top made of copper, which all of the witnesses agree, in its present condition, is no part of a still, and that to be used for that purpose it would have to have a hole made in it for the attachment of a worm.

Certainly this was no evidence he had in his possession any part of a moonshine still, nor is the fact that

Hunt was a tenant upon his farm sufficient to render him amenable for what was found in Hunt's residence, especially as it was shown without contradiction that Hunt had full possession of that house, and that Goff did not even know of the presence of the parts of the still found therein.

We are therefore of the opinion that the court erred in refusing Goff's motion for a directed verdict.

Wherefore the judgment is affirmed as to Hunt, but reversed as to Goff, for proceedings consistent herewith.