## Lewis v. Commonwealth.

(Decided December 14, 1923.

### Appeal from Edmonson Circuit Court.

1. Criminal Law—Purchaser of Liquor Not Accomplice of Seller.—Assuming that Criminal Code of Practice, section 241, requiring corroboration of accomplice, applies to prosecutions for violation of Acts 1922; chapter 33, a purchaser is not an accomplice of one who illegally sells him liquor.
2. Intoxicating Liquors—Verdict Based on Testimony of One Witness and Evidence of Reputation Not Flagrantly Against Evidence.—A verdict finding defendant guilty of illegal sale of intoxicating liquor, based on testimony of alleged purchaser and evidence of reputation as a bootlegger, cannot be said to be flagrantly against the evidence because of evidence of four witnesses that there was no sale at the time and place specified.
3. Criminal Law—Exclusion of Evidence Not Considered, in Absence of Showing of what it was.—It cannot be determined whether the court erred in refusing to permit accused to ask witness for Commonwealth if he had not made a statement to certain party, where it does not appear what the statement was.
4. Witnesses—No error in Exclusion of Testimony as to Reputation, in Absence of Avowal of Knowledge.—The trial court did not err in refusing to permit accused to testify as to his own reputation, where there is no avowal that accused knew his own reputation.
5. Criminal Law—Exclusion of Evidence Otherwise Admitted Not Prejudicial.—If court erred in not permitting witness to state that accused could not have sold whiskey without the witness

knowing it, there was no reversible error, where the witness in effect answered the question by testifying that he was present all the time and there was no sale or mention of whiskey.

6. Intoxicating Liquors—Testimony as to Condition of Person Coming from Direction of Accused's Place Held Admissible, Though Witness could Not Fix Date.—In a prosecution for illegal sale of whiskey, the court did not err in permitting witness to testify in rebuttal that he saw Commonwealth's witness and another coming from the direction of defendant's place and that Commonwealth's witness was drunk and his companion had some whiskey, and that, before going in that direction Commonwealth's witness was not drunk so far as he could tell, though witness could not fix the date, but said that it was the day when it was "alleged" the sale was made, and all witnesses agreed that such things occurred about a month and a half before the trial.

7. Criminal Law—Witness Properly Permitted to Testify Occurrence Happened on Day Alleged.—It was proper to permit witness to testify that he saw certain persons on the day "when it is alleged" they were at defendants' place, since one may know when an act is reported to have been done, and by that knowledge fix the time of what happened in his presence.

MILTON CLARK, B. M. VINCENT and THOMAS, THOMAS & LOGAN for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant complains of his conviction of illegally selling whiskey to Wm. Wolfe, because of the alleged insufficiency of the evidence to support the verdict and errors in the admission and rejection of evidence.

Wolfe testified that while accompanied by Alfred Payne he purchased a quart of whiskey from appellant, and paid him $3.00 or $3.50 therefor. It is first contended that Wolfe, by purchasing the liquor from defendant, became his accomplice in the alleged sale, and that because of section 241 of the Criminal Code his uncorroborated evidence was insufficient to sustain a conviction.

Assuming but not deciding that section 241 applies to prosecutions for violation of the 1922 prohibition act, as is this case, the contention is yet without merit for the reason that a purchaser is not an accomplice of one who illegally sells him liquor. Raum v. Board, etc., of Danville, 155 Ky. 690, 160 S. W. 255, 16 C. J. 683.

The next contention is that Wolfe's testimony of the sale and the evidence of defendant's reputation as a boot-

legger cannot sustain the verdict, because of evidence of four witnesses for defendant of no sale at the time and place specified by Wolfe. Even if defendant's witnesses had not contradicted each other in detailing what they say did happen on that occasion to such an extent as to weaken materially their denials of a sale, we still would not be warranted in holding that the verdict is flagrantly against the evidence. Mattingly v. Commonwealth, 199 Ky. 727, 251 S. W. 953. Besides Wolfe's testimony was strongly corroborated by several proven circumstances, as will later appear, and the contention that the verdict is unsupported by or flagrantly against the evidence is clearly untenable.

It next is said the court erred in refusing to permit appellant to ask Wolfe, upon his cross-examination, if he had not made a statement to certain named parties, but it does not appear what the statement was, and there is no avowal so we cannot tell whether the court erred or not.

It also is urged that the court erred in refusing to permit defendant to testify as to his own reputation, but here again there is no avowal that defendant knew his own reputation, and as for that reason alone he did not qualify for the purpose, we need not discuss whether or not a party may prove his own reputation.

Another complaint is of the refusal of the court to permit one of the witnesses to say whether or not defendant could have sold whiskey to Wolfe on that occasion without the witness knowing it. Again there was no avowal, but even if we might admit the court erred in not letting the witness state his conclusion, it clearly was not prejudicial, since the witness in effect and competently answered the question by testifying that he was present all the time, and there was no sale or mention of whiskey.

The final insistence is, that the court erred in permitting witness Depp to testify in rebuttal that he saw Wolfe and Alfred Payne coming into the village, Rocky Hill, from the direction of defendant's nearby place; that Wolfe was drunk and Payne had some whiskey; that he also saw them a short time before going in that direction, and Wolfe was not then drunk or drinking, so far as he could tell.

The relevancy of this evidence depends of course upon whether the described events happened upon the same day and in connection with Wolfe's visit to defendant's

farm with Payne when he alleges he bought whiskey and defendant and his witnesses that he bought turkeys.

Wolfe says he and Payne left their horses near Lem Davis' house, and went afoot across his farm to defendant's house. Davis testifies he remembered the occasion, and neither Wolfe nor Payne had any turkeys as they returned to their horses. All the witnesses agree these things occurred about a month and a half before the trial, and Depp says the same with reference to the occurrences described by him. While Depp could not definitely fix the date of these occurrences, and stated he did not know of his own personal knowledge whether upon that occasion Wolfe and Payne visited defendant's, he said that it was upon the day when it was alleged they were there, and this, if competent, sufficiently connected the two events to make Depp's evidence competent.

Defendant also objects to the court's action in permitting Depp to state that it was on the day "when it is alleged" Wolfe and Payne were at defendant's. But that this was not error we think is clear. One may know, and often does, when an act is reported to have been done out of his presence, and by that knowledge but not otherwise can fix the time of what happened in his presence. Unless litigants could thus gather together the separated parts of a single transaction, or rather what different persons saw and knew about it, cases would be exceptional in which an intelligible understanding of the facts involved could be ascertained, since very few people remember the dates of occurrences they remember perfectly and in connection with what they at the time heard happened out of their sight or presence.

Finding no substantial error in the record, the judgment is affirmed.