## McGinnis v. Commonwealth.

(Decided December 21, 1923.) ·

### Appeal from Martin Circuit Court.

1. Criminal Law—Participation Necessary to Make One Accomplice.—In order to make one an accomplice within Criminal Code of Practice, section 241, requiring corroboration of the testimony of an accomplice, evidence must show participation on his part in the commission of the offense charged.

2. Criminal Law—Evidence Held to Show Witness Not an Accomplice.—Testimony by witness in prosecution for transporting liquors that he formerly was associated with accused and another in the operation of the still at the place where accused obtained the moonshine whiskey he was indicted for transporting, but that his connection with the operation of the still had ceased before the transportation charged, showed that such witness was not an accomplice within Criminal Code of Practice, section 241.

3. Criminal Law—One Selling Whiskey Not Accomplice in Transportion.—One who sells or gives whiskey to another is not an accomplice of the buyer or donee in the offense of transporting the liquor, even though he accompanies him as far as the place of its concealment; the liquor remaining in the buyer's or donee's control.

4. Criminal Law—Reviewing Court Cannot Disturb Finding on Conflicting Evidence.—Where the evidence is unusually conflicting the verdict cannot be disturbed unless unsupported by or flagrantly against the evidence.

J. B. CLARK for appellant.

THOS. B. McGREGOR, Attorney General, LILBURN PHELPS, Assistant Attorney General, and JOHN W. WHEELER and JASPER H. PREECE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Elijah McGinnis, was indicted for, and tried and convicted in the Martin circuit court, of the offense of unlawfully transporting intoxicating liquor, not for sacramental, medicinal, mechanical or scientific purposes. The penalty inflicted by verdict of the jury was a fine of $100.00 and imprisonment of thirty days in jail; and by this appeal he seeks the reversal of the judgment entered upon that verdict.

It is contended by the appellant that the trial court erred to the prejudice of his substantial rights: (1), In overruling his motion made at the conclusion of the Commonwealth's evidence, for an instruction peremptorily directing his acquittal by the jury. (2) In failing to properly instruct the jury as to the law of the case; and these are the grounds urged for the reversal of the judgment. The first contention is based on the theory that the single witness testifying for the Commonwealth, and upon whose testimony alone the appellant was convicted, was an accomplice of the latter in the commission of the offense charged in the indictment, and as his testimony was uncorroborated by other evidence, the appellant was entitled under section 241, Criminal Code, to a directed verdict acquitting him of the offense charged, which section provides: "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

The fallacy in the argument of counsel supporting this contention, lies in its unauthorized assumption that J. H. Branham, the Commonwealth's witness, was an accomplice; for the evidence fails to show any participation on his part in the commission of the offense charged, and

this it must have shown in order to make him an accomplice. Anderson v. Comth., 181 Ky. 310; Levering v. Comth., 132 Ky. 666; Richardson v. Comth., 166 Ky. 570; Nicoll v. Comth., 169 Ky. 491. It is true that in testifying he frankly admitted his former association with the appellant and one Tucker Buskirk in the operation of the still at the place where the appellant obtained the moonshine whiskey he was indicted for transporting; but he also testified that his connection with the operation of the still had ceased before the transportation by the appellant of the whiskey in question. He also admitted his presence at the time the appellant obtained the whiskey and that he saw the appellant pour the whiskey, a gallon and a half in quantity, into the jug and two quart bottles in which it was removed by him, but stated that the whiskey was the property of the latter, or was owned by him and Buskirk, and that he (the witness) owned no interest therein. He further testified that he saw the appellant transport the jug and two quart bottles of whiskey from where he obtained it to a point near his (appellant's) residence where he secreted it; but that though he (witness) thus accompanied the appellant the jug and bottles of whiskey were carried or transported by the appellant the entire way or distance.

The appellant in testifying in his own behalf asserted his innocence and flatly contradicted Branham by specifically denying every statement made by the latter that had any bearing upon the question of his (appellant's) guilt of the offense charged. There was no evidence, other than that furnished by his testimony, introduced on the appellant's behalf. It is manifest from what has been said of the evidence that it wholly failed to prove any participation on the part of the Commonwealth's single witness, Branham, in the commission of the offense charged in the indictment; and this would be so had the latter even admitted that he sold or gave the whiskey to the appellant, for that act would not have made him an accomplice of the appellant in the offense of transporting the liquor, but merely guilty of the separate and distinct offense of selling or giving it to him; nor did the fact that Branham accompanied the appellant as far as the place of its concealment by the latter, make him an accomplice, as it all the time remained in appellant's possession and Branham, according to the evidence, neither assisted him in carrying it, nor in concealing it.

As the evidence obviously failed to prove Branham an accomplice in the commission of the offense charged in the indictment, the lack or absence of corroborating evidence tending to connect the appellant with the commission of the offense required by the section of the Criminal Code, *supra,* did not entitle him to the directed verdict of acquittal requested of the trial court. It therefore necessarily follows, that the overruling of his motion for the peremptory instruction by that court, was not error.

The appellant's second contention is also untenable. It is patent from what we have already said, that the instruction required by the section of the Criminal Code, *supra,* with respect to the necessity of corroborating evidence in order to convict an accused upon the testimony of an accomplice, would have been unauthorized; and, as those given by the trial court advised the jury, in substantially correct terms, of all the law applicable to the facts of the case, no reason is apparent for sustaining the appellant's complaint that they were not properly instructed.

The evidence was unusually conflicting, but it is not for us to say what the verdict should have been. That duty rested upon the jury, and as we are unable to say that the verdict returned by them is unsupported by, or flagrantly against, the evidence, we are without authority to disturb it, in the absence of a showing of record of reversible error committed by the trial court, which is not made to appear.

Wherefore the judgment is affirmed.