## Mabry v. Commonwealth.

(Decided January 15, 1924.)

### Appeal from Christian Circuit Court.

1. Intoxicating Liquors—Sale Held for Jury.—In a prosecution for sale of intoxicating liquor, held, that court properly refused to instruct the jury to return a verdict of not guilty.
2. Criminal Law—When Verdict Will be Directed for Defendant.— An instruction to return a verdict for defendant should be given when there is a failure or absence of evidence conducing to prove the defendant's guilt of the offense charged, but is unauthorized when there is any evidence, however slight, that may tend to establish his guilt.
3. Criminal Law—Person Convicted of Sale of Liquor Not Entitled to New Trial.—One convicted of unlawful sale of intoxicating liquor held 'not entitled to new trial on ground that verdict was unsupported by and flagrantly against the evidence.
4. Criminal Law—Province of Jury to Pass Upon Credibility and Weight.—It is not the duty of the court, but the province of the jury, to pass upon the credibility'of the witnesses and weight to which their testimony is entitled, and to determine whether the evidence as a whole is sufficient to establish defendant's guilt.
5. Criminal Law—Finding of Guilt Must be Palpably Against Evidence to be Disturbed.—Under Criminal Code of Practice, section 281, as amended by Acts 1910, chapter 92, giving Court of Appeals

authority to review rulings on motion for a new trial, a conviction will not be reversed on the ground that the verdict was unsupported by or flagrantly against the evidence, unless it is affirmatively made to appear from the record that it is palpably against the evidence.

6.   Criminal Law—When Conviction May be Based on Testimony of Police Officers Soliciting Sale of Liquor.—A conviction for a sale of intoxicating liquor may be based on the testimony of police officers who solicited the sale, where their purchase was to detect unlawful traffic and not to induce the commission of a crime; for their purchase does not render them particeps criminis, and their testimony is not within the rule as to accomplices.

OTHO H. ANDERSON for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On his trial in the court below under an indictment charging him with the offense of unlawfully selling intoxicating liquor, the appellant, Walter Mabry, was by verdict of the jury found guilty and his punishment fixed at a fine of $300.00 and imprisonment of sixty days in jail, complaining of which he has appealed from the judgment entered upon the verdict.

The grounds urged by the appellant for the reversal of the judgment are: (1) That the verdict is unsupported by and contrary to the evidence; (2) error of the trial court in overruling his motion for an instruction directing a verdict of acquittal. Briefly stated, the evidence in behalf of the Commonwealth, mainly furnished by the testimony of the witnesses, Richard McFarland and Lonnie O'Daniel, was to the effect that on March 20, 1922, within a year before the finding of the indictment, they together entered the soft drink stand or store of the appellant on West Seventh street in the city of Hopkinsville, where they found him and two or three other men in a rear room of the building; that McFarland then informed the appellant that he wished to purchase some whiskey, whereupon the latter sold and delivered to him a half-pint bottle filled with "moonshine" whiskey, for which McFarland paid him $1.50, the purchase price demanded. That after McFarland's purchase of the whiskey, the bottle containing it was labeled by O'Daniel for identification, and bottle and whiskey then delivered by McFarland in his presence to L. K. Wood, the county judge of Christian

county, in whose safe it was placed and kept until produced, identified and introduced in evidence on the appellant's trial. McFarland and McDaniel also testified that at the time of the former's purchase of the bottle of whiskey of the appellant, by previous appointment of the judge of the Christian county court, they were acting as police officers or patrolmen of that county and especially charged with the duty of discovering violations of the statute prohibiting the unlawful manufacture of and traffic in intoxicating liquors, and causing to be subjected to arrest and prosecution the persons thus offending; and that McFarland's purchase from the appellant of the whiskey in question was solely for the purpose of detecting the latter, who was suspected of secretly selling intoxicating liquors, in a violation of the prohibition enforcement statute; that the method thus employed by them was authorized by the county judge and one they had found the most effective in discovering such violations of the law as they were seeking to suppress.

Both McFarland and O'Daniel positively identified the appellant as the person who sold McFarland the bottle of whiskey, each testifying that he had known him for two or three years as "Red" Mabry, which, though his correct given name is Walter, is admittedly the one by which he is known and always mentioned by his acquaintances.

The testimony of McFarland and O'Daniel in regard to their appointment as patrolmen, the object thereof and the advice given them by the county judge in aid of its accomplishment, was corroborated by the testimony of that officer, who also identified the half-pint bottle of whiskey introduced in evidence as the same delivered to him by them, with the information that it had been purchased of the appellant by McFarland, and which, according to his further testimony, had remained in his office safe, with its contents undisturbed, until its production in court for use as evidence on the appellant's trial.

The appellant, in testifying in his own behalf, admitted the visit of McFarland and O'Daniel to his store on the date stated by them, but denied that he then, or at any other time, sold McFarland a half-pint bottle of whiskey as testified by them, which denial was followed by the statement from him that on the occasion referred to he was requested by McFarland and O'Daniel to sell them some whiskey, but that he refused the request and told

them that he had no whiskey. The testimony of the appellant was corroborated by that of his brother, Alonzo Mabry, and Luther Wright, both of whom were introduced as witnesses in his behalf and each of whom claimed to have been present when the appellant's place of business was visited by McFarland and O'Daniel and, also, to have then seen and heard all that passed between them and the appellant.

It is patent from what has been said of the evidence that it gives no support to the appellant's contention that he was entitled to a directed verdict of acquittal, but, on the contrary, shows that the trial court could not properly have instructed the jury to return a verdict finding him not guilty of the offense charged in the indictment, as requested by the latter. Such an instruction should be given when there is a failure or absence of evidence conducing to prove the defendant's guilt of the offense charged, but is unauthorized when there is any evidence, however slight, that may tend to establish his guilt. Commonwealth v. Ammerman, 198 Ky. 614; Wood v. Commonwealth, 198 Ky. 660; Commonwealth v. Stringer, 195 Ky. 717; Feree v. Commonwealth, 193 Ky. 347; Miller v. Commonwealth, 182 Ky. 442; Daniels v. Commonwealth, 181 Ky. 392. As there was in this case evidence for the Commonwealth tending to prove the appellant guilty of the offense charged in the indictment, the trial court's refusal of the peremptory instruction asked by the appellant was not error.

The appellant's further contention that he should have been granted a new trial in the court below and is entitled to a reversal by this court of the judgment appealed from, on the ground that the verdict of the jury is unsupported by and flagrantly against the evidence, is also untenable. It is not the duty of the court but the province of the jury to pass upon the credibility of the witnesses and weight to which their testimony is entitled, and to determine whether the evidence as a whole is sufficient to establish the defendant's guilt. And since the adoption of the act of March 23, 1910, amendatory of section 281, Criminal Code, whereby this court was given authority to review the rulings of the trial court on a motion for a new trial, we have uniformly held that a judgment of conviction in a criminal or penal case will not be reversed on the ground that the verdict was unsupported by or flagrantly against the evidence, unless it is affirmatively made to appear

from the record that it is palpably against the evidence; or, as declared in Partin and Allen v. Commonwealth, 197 Ky. 840, "unless from the entire record it is made patent to a reasonable and impartial mind that the verdict was the result of passion and prejudice on the part of the jury to such an extent as to shock the conscience of the court, whose primary duty is to administer justice in all cases." Day v. Commonwealth, 197 Ky. 730, Anderson v. Commonwealth, 196 Ky. 30; Allen v. Commonwealth, 176 Ky. 475.

Tested by the rule, *supra,* the verdict of the jury in the instant case should not be disturbed. The record does not disclose the absence or a lack of evidence to support the verdict, but merely a contrariety of evidence from which it was the province of the jury to determine the appellant's guilt or innocence. The evidence of the Commonwealth was as positive and direct as to his guilt as was that of the appellant in its contradiction of the evidence of the Commonwealth; and as the jury accepted that of the Commonwealth as conclusive of the appellant's guilt, there is no reason apparent for the latter's complaint that the verdict is flagrantly against the evidence, or even that it was not authorized by the evidence.

It is insisted by counsel for the appellant that the Commonwealth's witnesses, McFarland and O'Daniel, even if they truthfully testified, are discredited and their testimony should have been excluded by the trial court on the appellant's objection, because of the method employed by them in obtaining the whiskey of the appellant, viz.: by its purchase, which, it is argued, induced the latter to commit the offense of which he was convicted, and made them accomplices in its commission. This contention was made in Cooke v. Commonwealth, 199 Ky. 111, and in then overruling it we, in the opinion, among other things bearing on the question, said:

"What we regard as the correct doctrine on the question raised by the appellant's contention, as applicable to unlawful traffic in intoxicating liquors, is well stated in 15 Ruling Case Law, 400, as follows:

" 'A conviction may be based on the testimony of police officers who solicited the sale, where their purpose was to detect unlawful traffic and not to induce the commission of a crime, for their purchase does not render them *particeps criminis* and their testimony is not within the rule as to accomplices.' 23 Cyc. 184, 210; State v.

Gibbs, 109 Minn. 247; State v. Huxie, 15 R. I. 1; Harrington v. State, 36 Ala. 236; Wokesman v. Chambers, 69 Iowa 169. The doctrine thus stated has in effect also been given recognition in this jurisdiction, Roberson Ky. Crim. Law, vol. 1, page 163, vol. 2, page 889; South v. Commonwealth, 79 Ky. 493; and we see no reason for now abandoning it.''

As the record presents no reason for disturbing the verdict, the judgment is affirmed.