## Partin v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Bell Circuit Court.

Criminal Law—Purchasers of Liquor, Dividing it, Not Accomplices of One Another.—Where defendant and state's witness purchased liquor, each paying half the price, and liquor was then divided between them, each taking possession of his part, witness was not accomplice of defendant, as regards corroboration of testi-mony.

W. J. STONE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—Affirming.

The appellant, Grant Partin, upon the trial of an indictment against him charging him with having in his possession intoxicating liquors, was found guilty by a jury of the Bell circuit court and his punishment fixed at

a fine of $100.00 and thirty days in jail. He prosecutes this appeal from the judgment of that court imposing the penalty above indicated upon him.

He insists that he was convicted upon the testimony of an accomplice that was wholly uncorroborated. The facts do not sustain him. Dave North, the witness for the Commonwealth, testified that while on his way to Pineville he met defendant and another man and a woman in an automobile and that he stopped and engaged them in conversation. He stated that while they were talking a stranger came along with a quantity of whiskey and that he and defendant purchased some of it from the stranger, he paying half of the purchase price and the defendant half of it. He stated that the liquor was then divided by him and the defendant, and that each of them thereupon took possession of his own liquor and carried it into Pineville. In addition to this the Commonwealth introduced some three or four witnesses who testified that the defendant had the reputation of being a bootlegger. Defendant denied having purchased or possessed any whiskey on the occasion in question. He admitted that he and the other man and the woman named by the Commonwealth's witness were in the automobile and that they met the witness and took him into Pineville. He stated also that the Commonwealth's witness had a package of some sort in his possession, but denied that he knew what it was. In addition to these facts defendant proved by all the witnesses introduced by the Commonwealth to establish that he had the reputation of being a bootlegger, that the reputation of North, the Commonwealth's witness, for truth and veracity was bad, and he proved the same fact by some two or three other witnesses. These facts make the position taken by the appellant untenable that if he was in possession of the liquor in question the witness for the Commonwealth was his accomplice. There was no testimony to the effect that the prosecuting witness and the defendant were jointly in possession of any whiskey. They committed separate offenses. The appellant by having whiskey in his possession committed one offense and the witness by having other whiskey in his possession committed another offense. They were not equally guilty in the commission of the same offense, but committed separate offenses.

There being no merit in the appellant's contention and it appearing that none of his substantial rights was prejudiced, the judgment is affirmed.