## Dunaway v. Commonwealth.

(Decided May 19, 1931.)

L. M. ACKMAN for appellant.

J. W. CAMMACK, Attorney General, HOWARD SMITH GENTRY, of Counsel, for the Commonwealth.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The appellant was indicted at the January term, 1930, tried and convicted of the offense of selling spiritous liquors, and his punishment fixed at a fine of $100 and confinement in the county jail for thirty days at the June term, 1930, of the Grant circuit court. He has entered a motion for an appeal under section 348, Criminal Code of Practice.

His counsel, in his brief, complains against two alleged errors of the trial court: (1) that under the proven facts, the person named in the indictment was an accomplice within the purview of section 241, Criminal Code of Practice and therefore appellant was entitled to an instruction thereunder; (2) the trial court erred in refusing to sustain the objection to the evidence of the commonwealth as to the general reputation of the appellant for engaging in the unlawful sale of intoxicating liquors, because the question as to it was not confined to the time of the commission of the offense and prior thereto.

As to the first complaint, the facts are that the witness Bailey to whom the indictment charged the appellant unlawfully sold intoxicating liquors, at the time the offense was alleged to have been committed, resided in Harrison county, about three miles from the village of Corinth, in Grant county. In January, 1930, Bailey was on the streets of Corinth where he made arrangements with appellant to purchase from him two pints of whisky; as is customary in such a transaction, they retired to a secluded spot, between Henry Grove's and Jim Kennedy's store building, where he purchased of, and received from appellant two pints of "red moonshine," for which he paid him $4 in cash. Afterwards, the witness was summoned and appeared before the grand jury at the February term of the Grant circuit court, which returned the indictment against him.

Counsel of the appellant insists very earnestly that these facts make the witness Bailey an accomplice, and that therefore a conviction cannot be sustained on his testimony. In the case of Baker v. Com., 212 Ky. 50, 278 S. W. 163, 165, the word "accomplice" was defined in this language:

"In order to constitute one an accomplice, he must knowingly, voluntarily and with common intent with the principal offender unite in the commission of the crime. One may become an accomplice by being present and joining in the criminal act, by aiding and abetting another in its commission, or, not being present, by advising and encouraging in its commission; but knowledge and voluntary action are essential in order to impute guilt. One may uncon-

sciously assist in forwarding a crimnal scheme. In such case he is not criminal, but merely an unconscious and therefore innocent agent.''

To show the error of the appellant in this respect, nothing more than this definition should be expected or required of us. However, we will say that a buyer and seller engaged in the purchase and sale, by the one from the other, of intoxicating liquors, the buyer is not the accomplice of the seller. We have repeatedly so held. Tucker v. Com., 198 Ky. 607, 249 S. W. 767; Lewis v. Com., 201 Ky. 343, 256 S. W. 710; McGinnis v. Com., 201 Ky. 491, 257 S. W. 27; Mabry v. Com., 201 Ky. 599, 257 S. W. 1030; Mabry v. Com., 201 Ky. 825, 258 S. W. 678; Partin v. Com., 204 Ky. 446, 264 S. W. 1061; Johnson v. Com., 206 Ky. 594, 268 S. W. 302.

As to his second ground of complaint that the evidence touching the appellant's general reputation for engaging in the liquor traffic was incompetent because the questions propounded to the witnesses did not confine the inquiry to the time of the commission of the offense and prior thereto, it may be said that section 2554a-15, Ky. Statutes, authorizes the introduction of such testimony not merely as impeaching, but as a species of corroborative, substantive, testimony bearing on the guilt of the accused. It should therefore be confined to the time of the commission of the offense charged and to a reasonable time prior thereto. Harvey v. Com., 226 Ky. 36, 10 S. W. (2d) 471; Herrin v. Com., 231 Ky. 139, 21 S. W. (2d) 139. This rule was not complied with over the objection of the appellant. Whether the admission of such evidence as to the accused's general reputation subsequent to the commission of the offense for which he is being tried, is prejudicial and a reversible error, must be determined according to the facts appearing in the record in each particular case.

In this case, before the commonwealth offered to prove the appellant's general reputation in this regard, the defendant himself went into this question and into specific transactions and the publicity thereof, authorizing the conviction and belief of mind that he was in fact engaged in the business of trafficking in liquor and bore such reputation in his vicinity and among his neighbors. As an exemplification thereof, we here quote some of the

questions propounded by his counsel to, and answered by the first witness for the commonwealth:

"Q. How long has Mr. Dunaway been your individual constant source of supply?

"Mr. Yager: We object.

"The Court: Well, he can tell how much he has supplied him if he wants to.

"Mr. Yager: He says, constant, individual bootlegger.

"Q. Source of supply I said—I beg the Commonwealth's Attorney's pardon for correcting him —how long has he supplied you with whisky? A. All last winer.

"Q. All last winter? A. The biggest part of it.

"Q. Yes, now from what date, when did he first begin? A. Well, it has been a year ago.

"Q. You mean he began in June? A. Yes, sir, I guess it was.

"Q. It was June in 1929 that he began? A. Yes, sir, I got whisky along there somewhere from him.
. . .

"Q. To the best of your knowledge Guy Dunaway is the only man in the south end of this county who handles whisky? A. At the present time, yes, sir. . . .

"Q. Did you tell anybody about getting this whisky? A. Did I tell anybody?

"Q. Yes. A. I told several afterwards. They asked me where I got my liquor and I told them."

The record discloses that the appellant first induced and caused the court to admit testimony as to his general reputation, both before and after the commission of the alleged offense for which he was being tried. He brought into the case evidence that in February, the day the witness Bailey appeared before the grand jury and indicted him, Bailey purchased spirituous liquors of him. He made an issue as to this transaction, then tried to overcome the evidence he had brought out about it, by introducing Wood who promptly stated he did not participate in the transaction. It is an ancient and venerable rule that one cannot complain against another of that which he himself induces or causes to be done or engages in. Its first historical recordation was when "He stooped

down and wrote on the ground,'' and ''said to them, 'He that is without sin among you, let him cast the first stone.' '' It is an established and recognized rule of practice that a party to litigation, who first introduces in the trial of the case either irrelevant or incompetent evidence cannot complain of the subsequent admission by the court of like evidence from the adverse party, relating to the same matter. Goff v. Com., 200 Ky. 346, 254 S. W. 1059; Pulaski Stave Co. v. Sale et al., 179 Ky. 638, 201 S. W. 12.

The appellant having brought into the case that which he now complains against cannot avail himself of an error of the court if any by the admission of like evidence from the adverse party, relating to same matter.

The appeal is denied, and judgment affirmed.