COMMONWEALTH of Kentucky,
Appellant,

v.

William B. ALEXANDER, Appellee.

No. 98–SC–0694–DG.

Supreme Court of Kentucky.

Aug. 26, 1999.

As Modified on Grant of Rehearing
Dec. 16, 1999.

A.B. Chandler III, Attorney General, Kent T. Young, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellant.

Roy Burl McCoy, Charles E. Beal II, Tonya S. Conner, Lexington, for Appellee.

GRAVES, Justice.

William B. Alexander, a Sheriff's Deputy with the Fayette County Police Department, was convicted in the Fayette Circuit Court of reckless homicide for the death of Robert Nesbitt. Nesbitt was killed when Officer Alexander's cruiser collided with Nesbitt's vehicle as Nesbitt was turning left from White Street on to Newtown Pike in Lexington, Kentucky. Officer Alexander was responding to an emergency call and was traveling with emergency lights and siren activated. At the time of the collision, both the dispatcher and the Fayette County Police Department had canceled the emergency call, yet it is disputed whether Officer Alexander heard the radio transmissions of the cancellation.

Among the emergency personnel responding to the scene were members of the Lexington–Fayette Urban County Police Department's Accident Reconstruction Unit (ARU). Members of that team, including Sergeant Paul Simms, retrieved relevant evidence including the video cam-

era and tape from Alexander's cruiser. The ARU issued an initial accident report indicating that (1) Officer Alexander's emergency lights and siren were activated at the time he was traveling on Newtown Pike; and (2) Nesbitt had failed to yield the right-of-way to Alexander by not stopping at the stop sign before turning onto Newtown Pike. Although Nesbitt's blood alcohol level was .043, the pathologist indicated such would not have impaired his vision or reaction time.

After reviewing the videotape from Officer Alexander's cruiser, which had recorded the events leading up the accident, the ARU concluded that Officer Alexander had been traveling between 95 and 100 miles per hour at the time he approached the intersection of Newtown Pike and White Street. Therefore, Officer Alexander caused the collision due to his excessive speed. Subsequently, the Fayette County Grand Jury indicted Officer Alexander for reckless homicide.

At trial, Sergeant Paul Simms testified on direct examination for the Commonwealth concerning the scene of the accident, the methods of investigation, and the general sequence of events leading up to the collision. On cross-examination, defense counsel inquired as to the importance of the designation of the vehicles in the initial accident report as "unit 1" and "unit 2." Sergeant Simms explained that the vehicle usually identified as being at fault is placed in the "unit 1" block. Sergeant Simms further stated that Nesbitt's vehicle was given the "unit 1" designation because the initial evidence at the scene indicated that Nesbitt had caused the collision by failing to yield the right of way to Officer Alexander.

On redirect, the Commonwealth asked Sergeant Simms whether it was still his opinion that Nesbitt was at fault. Over defense objection, Sergeant Simms replied that at the time he prepared the initial report, his investigation was not complete. However, after reviewing the videotape from Officer Alexander's cruiser, he believed that Officer Alexander was at fault

due to his excessive speed in an urban area. Another member of the ARU, Officer Eric Bostrum, testified as to the same opinion. A third officer, Sergeant David Leddi, opined that due to Officer Alexander's excessive speed, Nesbitt would not have seen the cruiser before pulling out on to Newtown Pike.

A jury subsequently convicted Officer Alexander of reckless homicide. On appeal, the Court of Appeal reversed and remanded the matter for a new trial. This Court accepted discretionary review, and after reviewing the record and hearing oral arguments, we reverse the Court of Appeals and reinstate the judgment of the Fayette Circuit Court.

In reversing the trial court, the Court of Appeals relied on *Renfro v. Commonwealth*, Ky., 893 S.W.2d 795 (1995), and held that Officer Simms' opinion testimony was improper in that it invaded the province of the jury and went to the ultimate issue in the case. Although acknowledging this Court's recent decision in *Stringer v. Commonwealth*, Ky., 956 S.W.2d 883 (1997), *cert. denied*, 523 U.S. 1052, 118 S.Ct. 1374, 140 L.Ed.2d 522 (1998), in which we abandoned the ultimate issue rule for expert testimony, the Court of Appeals stated that nothing in the *Stringer* opinion indicated that it was to be applied retroactively. The Court of Appeals rejected the Commonwealth's argument that the defense "opened the door" to the evidence in question, noting that the prosecution had not objected to the initial question which elicited the inadmissible evidence as to who was at fault, but instead responded with questions on redirect as to Sergeant Simms' conclusion.

■ We agree with the Commonwealth that the defense did, in fact, "open the door" by asking Sergeant Simms his opinion about who was at fault for the collision. In *Dunaway v. Commonwealth*, 239 Ky. 166, 39 S.W.2d 242, 243 (1931), our predecessor Court held:

It is an established and recognized rule of practice that a party to litigation, who first introduces into the trial of the case

either irrelevant or incompetent evidence cannot complain of the subsequent admission by the court of like evidence from the adverse party, relating to the same matter.

Contrary to the Court of Appeals opinion, we are not aware of any case law holding that a trial court loses discretion to admit evidence to which the door has been opened merely because no objection was made at the time the door was opened. Moreover, we are not persuaded by Officer Alexander's argument that the defense line of questioning was intended only to establish that Sergeant Simms and the ARU initially placed fault for the accident with Nesbitt. While such may certainly be the case, the defense implicitly accepted the risk of the Commonwealth's inquiring about why Simms changed his opinion. The Commonwealth's limited redirect examination regarding the cause of the collision became relevant and admissible pursuant to KRE 401 and 402 once defense counsel opened the door to this line of inquiry.

We are also of the opinion that the Court of Appeals erred in holding that Sergeant Simms testimony invaded the province of the jury and went to the ultimate issue in the case. Prior to this Court's decision in *Stringer, supra*, Kentucky had a long line of decisions holding that expert opinion evidence which made the existence of the ultimate fact more probable than not was inadmissible. However, in *Stringer*, we stated:

We now once again depart from the "ultimate issue" rule and rejoin the majority view on this issue. Expert opinion evidence is admissible so long as (1) the witness is qualified to render an opinion on the subject matter. (2) the subject matter satisfies the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), (3) the subject matter satisfies the test of relevancy set forth in KRE 401, subject to the balancing of probativeness against prejudice required by KRE 403, and (4) the opinion will assist the trier of fact

per KRE 702. *Brown [v. Com.*, Ky., 812 S.W.2d 502 (1991)], *supra*, and *Alexander [v. Com.*, Ky., 862 S.W.2d 856 (1993)], *supra*, are overruled insofar as they hold otherwise. Our departure from the "ultimate issue" rule does not contravene KRE 1102 and 1103. Our failure to adopt proposed KRE 704 simply left the "ultimate issue" unaddressed in the Kentucky Rules of Evidence and, therefore, subject to common law interpretation by proper application of the rules pertaining to relevancy, KRE 401, and expert testimony, KRE 702. If we had wished to adopt a rule of evidence precluding any expert opinion embracing the ultimate issue, it would have been a simple matter to have done so when we approved the Rules of Evidence and submitted them to the legislature in 1991. We note that the rules, as adopted, also left open other issues, e.g., the "habit" rule (proposed KRE 406) and the "eavesdropper" rule (proposed KRE 502); and that still other evidence issues, e.g., bias of a witness, are not specifically addressed in the rules, but are resolved by proper application of other rules, such as KRE 401.

■ The admissibility of evidence is governed by the Kentucky Rules of Evidence and is procedural in nature. Thus, the *Stringer* decision resulted in a procedural rather than substantive change in the law. As such, the Court of Appeals erred in determining that *Stringer* does not have retroactive application.

■ However, we are also of the opinion that *Stringer* is not applicable to this case. There was no dispute regarding Sergeant Simms' qualifications as an expert witness. The opinion rendered by Sergeant Simms concerned a subject specifically within the knowledge of a trained accident reconstruction expert and was likely to assist the jury in understanding the circumstances in which Officer Alexander's cruiser collided with Nesbitt's vehicle. Nonetheless, in a criminal case, the ultimate issue is whether the defendant is guilty or not guilty. While Sergeant Simms opined

that Officer Alexander had caused the collision, he did not render an opinion as to whether Officer Alexander was guilty or not guilty of reckless homicide. The jury could have concluded that while Officer Alexander was responsible for the collision, he was operating his cruiser in an appropriate manner under the circumstances. In fact, Officer Alexander justified his actions on the grounds that he was responding to an emergency call, and that he did not hear the cancellation of such. Accordingly, since Sergeant Simms' testimony did not go to the ultimate issue of whether Officer Alexander was guilty of reckless homicide, his opinion did not invade the province of the jury and was admissible regardless of the *Stringer* decision.

For the reasons set forth herein, we reverse the decision of the Court of Appeals and reinstate the judgment and sentence of the Fayette Circuit Court.

All concur.

KELLER, J., not sitting.