Richard Steven **FOWLER**, Appellant,

v.

Tara Renee **SOWERS**, Appellee.

No. 2004–CA–000421–MR.

Court of Appeals of Kentucky.

Nov. 12, 2004.

---

Julia T. Crenshaw, Hopkinsville, KY, for appellant.

Katherine Hicks Demps, Hopkinsville, KY, for appellee.

Before COMBS, Chief Judge; JOHNSON and MINTON, Judges.

## OPINION

COMBS, Chief Judge.

Richard Steven Fowler appeals an order of the Christian Family Court of January 20, 2004. He argues that the family court erred in dismissing his motion to modify joint custody of the parties' child without first granting an evidentiary hearing. Having reviewed the record and the applicable statute, KRS [1] 403.340, we agree that a hearing was warranted under the circumstances set forth in Richard's pleadings. Therefore, we vacate the order of dismissal and remand for such a hearing.

Richard and the appellee, Tara Renee Sowers, were married in 1999; their marriage was dissolved in 2000. By agreement, the parties shared joint custody of their only child, Christian Steven Fowler, who was born on August 4, 1999. Tara was awarded the primary physical care of Christian.

In November 2003, Richard filed a verified petition to modify the custody of Christian. He alleged that in the three years since their separation, Tara had resided in no fewer than six different locations; that in 2003, she had given birth to another child out-of-wedlock; and that after her subsequent marriage to the father of the new baby, she moved to North Carolina. Richard stated that during Tara's five-month residence in North Carolina, Christian lived with him for two full months. Before Tara's move, Richard enjoyed frequent visits with Christian. Consequently, Christian developed a close relationship with Richard's parents and grandparents as well as with Tara's extended family, who all reside in Kentucky.

After Tara and Christian returned to Kentucky, Richard learned that Tara was next planning to move to Alaska, where her husband was currently stationed by the military. At that point, Richard petitioned for a change of custody. Citing the instability in Tara's life and Christian's close involvement with him and his extended family, he claimed that it was in the child's best interest that he be designated as Christian's primary physical custodian.

In response, Tara filed a motion to dismiss the petition for modification. Relying on *Fenwick v. Fenwick*, Ky., 114 S.W.3d 767, 785 (2003), she argued that her relocation to Alaska was "presumptively permissible." She contended that Richard was required to prove that Christian would be seriously endangered by the out-of-state move and that the harm caused by a modification of custody would be outweighed by its advantages.

In response to the motion to dismiss, Richard argued that Tara's arguments and the decision in *Fenwick* were based on a

---

1. Kentucky Revised Statutes.

prior version of KRS 403.340—now inapplicable. However, the trial court granted Tara's motion and declined to conduct a hearing on the motion to modify. In its order, the trial court did not recite the standard that it was applying, finding only that Richard's pleadings were "insufficient to establish adequate cause for a hearing." Because the welfare of a child is at issue, Richard's appeal has been advanced on this Court's docket.

Richard argues that the trial court erred in granting the motion to dismiss and in refusing to conduct an evidentiary hearing on his petition for modification of custody. Under the currently applicable version of KRS 403.340, he argues that he was not required to allege or to prove that Christian would be seriously endangered by the move to Alaska in order to establish that a modification of custody was appropriate. He contends that under the current, more relaxed standards provided in KRS 403.340, he alleged sufficient facts in his affidavits to be granted a hearing on the motion. We agree that Richard was entitled to a hearing on his motion for custody modification.

It is true that KRS 403.340 was significantly altered by the General Assembly in 2001. The previous standard (utilized in *Fenwick, supra,* and relied upon by Tara) permitted a change in custody only upon a dual demonstration: (1) that substantial harm would result to the child's physical, mental, or emotional health without a change of the custodial arrangement and (2) that any harm caused by the change would be outweighed by its advantages. The statute now permits modification if "a change has occurred in the circumstances of the child or his custodian" and if "the modification is necessary to serve the best interests of the child." KRS 403.340(3).

The strict standards for modification in the pre–2001 version of the statute were "intended to inhibit further litigation." *Quisenberry v. Quisenberry,* Ky., 785 S.W.2d 485 (1990). In enacting its amendments, the General Assembly not only relaxed the standards for modification of custody, but it also expanded upon the factors to be considered when modification is requested. The statute now directs the trial court to consider and to permit a change of custody based on the factors enumerated in KRS 403.270(2), the statute used in making initial custody decisions. KRS 403.340(3)(c). The former standards for modification, which Tara argued before the family court, are now mere elements or factors to be considered by the court. KRS 403.340(3)(d)and (e).

*Fenwick* fails to provide Tara adequate legal support. *Fenwick* involved the relocation of the primary residential custodian. The Kentucky Supreme Court held that the party seeking a change of custody "failed to show emotional harm to the children" and "did not prove that the relocation would seriously endanger them." 114 S.W.3d at 789. Although *Fenwick* was decided after the 2001 changes to KRS 403.340, the Court acknowledged that its decision was based on the pre–2001 version of KRS 403.340 because that was the version in effect at the time of the entry of the orders under its review. *Id.* at 788. Thus, *Fenwick* carries quite limited precedential weight and cannot apply in this case as Richard's motion is governed by the current version of the statute.

There is no doubt that a move to Alaska, a considerable distance from Kentucky, is a change in circumstances contemplated by the statute. As correctly alleged in Richard's motion, the removal of a child from one of his parents and from his entire extended family could create the potential of causing a negative impact on his best interests. Thus, the trial court should have conducted a full evidentiary hearing

on the motion, weighing all the factors now encompassed by KRS 403.340. *See, West v. West*, Ky.App., 664 S.W.2d 948 (1984).

We vacate the order of the Christian Family Court that had dismissed Richard's motion. This matter is remanded with directions to grant Richard an evidentiary hearing and to consider the motion in light of the standards of KRS 403.340—as amended.

ALL CONCUR.

---

1. Kentucky Revised Statutes.