**Sheila CARPENTER–MOORE, Appellant,**

v.

**Chad CARPENTER; R.M.F.C., M.S.C., and L.B.C., Children, Appellees.**

No. 2010–CA–000164–ME.

Court of Appeals of Kentucky.

Sept. 24, 2010.

R. Kim Vocke, Covington, KY, for appellant.

M. Patia R. Tabar, Florence, KY, for appellee.

Before KELLER and THOMPSON, Judges; HARRIS,[1] Senior Judge.

## OPINION

HARRIS, Senior Judge:

Sheila Carpenter–Moore appeals from the Kenton Family Court's decision denying her motion to relocate with the parties' three minor children. For the reasons stated herein, we affirm.

Chad Carpenter initiated divorce proceedings against Sheila Carpenter[2] in June 2004. Before the parties were divorced, the court entered an order on December 9, 2004, that the parties would share joint legal custody of their children.

Thereafter, the family court entered a bifurcated divorce decree on August 31, 2005, dissolving the marriage but reserving all other issues, including child custody, and stating that all temporary orders would remain in effect pending future resolution.

An agreed order was entered on March 21, 2007, stating that the parties would have joint legal custody, with Sheila as the primary residential parent.

On November 1, 2007, Sheila filed a motion requesting to relocate the children to Glade Springs, Virginia to be with her fiancé.[3] At a hearing held on November 13, 2007, Chad's counsel stated on the record that Chad did not want the relocation. The judge set a hearing date for February 7, 2008, stating that she wanted

to hear all of the evidence in the matter. The court also appointed a guardian ad litem ("GAL").

On January 30, 2008, Chad filed a motion for review of parenting time, which was set for hearing on February 7, 2008, the same date as the motion for relocation. Meanwhile, on February 4, 2008, the GAL issued a report stating that she believed it was not in the best interests of the children to be relocated.

On February 6, 2008, Sheila filed a motion for the court to summarily grant her relocation motion based on the fact that Chad had not complied with *Fenwick v. Fenwick*, 114 S.W.3d 767 (Ky.2003), and KRS 403.340 and 403.350. This motion was also set to be heard on February 7, 2008.

On the morning of February 7, 2008, in response to the motion to summarily grant relocation, Chad filed a motion for a change of custody with two affidavits attached. That same day, at the scheduled hearing the judge requested briefing on the legal issues involved with the motion to relocate and the motion to modify custody. The court also gave Sheila time to file a response to Chad's motion for a change of custody, but no response was filed.

In response to the family court's briefing request, Sheila filed a memorandum in support of her motion to relocate, again arguing that Chad had failed to comply with the procedures described in *Fenwick*, as well as KRS 430.340. Chad filed a memorandum in support of his motion for a change of custody, arguing that he had

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Sheila has remarried and now goes by Sheila Carpenter–Moore.

3. In a pretrial hearing on February 7, 2008, Chad's counsel was told that Sheila intended to move to Ohio and not Virginia as previously indicated. Chad had not been notified of that fact prior to that time.

followed the procedures described in *Fenwick*, and therefore that the court should consider his motion for a change of custody.

On June 2, 2008, the court held a hearing in chambers, which was apparently not on the record. Thereafter, the judge issued findings of fact and conclusions of law on August 11, 2008, stating that Chad had submitted sufficient evidence of emotional harm to the children, necessitating a full evidentiary hearing under KRS 403.340(2).

On October 23, 2008, the Kentucky Supreme Court rendered *Pennington v. Marcum*, 266 S.W.3d 759 (Ky.2008), which specifically dealt with relocation issues and made a change in relocation motion procedures previously mandated by *Fenwick*.

Prior to the hearing on October 31, 2008, Chad filed a motion to plead in the alternative for a modification of visitation/timesharing to name him the residential parent, specifically citing the *Pennington* case as the basis of his motion. The record does not reflect any response by Sheila to this motion. The family court ultimately determined that *Pennington* applied to the case and that, according to *Pennington*, the best interests of the child standard applied to motions for relocation.

Additionally, on November 13, 2008, Sheila filed a motion to change Chad's visitation/timesharing and/or award Sheila sole custody of the children without any supporting affidavits.

On January 6, 2009, the family court heard the remainder of the relocation, custody modification, and visitation/timesharing modification evidence. Chad's counsel made an oral motion to deny Sheila's change of custody motion, which was granted. At the conclusion of the hearing, the judge asked for position statements from the parties, which both parties subsequently filed.

On March 30, 2009, the family court issued an opinion and order denying Sheila's motion to relocate. No decision was made on any other issue, including Chad's custodial modification motion and his alternative motion to modify timesharing. All other issues were reserved for future rulings.

Sheila filed an appeal of the March 30, 2009 decision. That appeal was dismissed by this Court as premature, as Chad's motions for modification of custody and timesharing had not been ruled upon. Thereafter, the family court entered an amended opinion and order on December 22, 2009, denying all other outstanding motions, which maintained the status quo, making no custody changes, and stating that the order was final and appealable. The court also reaffirmed the decision to deny the motion to relocate. Sheila has filed the present appeal from the orders entered on March 30, 2009 and December 22, 2009.

Under Kentucky Civil Rule (CR) 52.01, a court's findings of fact shall not be set aside unless clearly erroneous. We review the family court's legal conclusions under a de novo standard. *Brewick v. Brewick*, 121 S.W.3d 524, 526 (Ky.App.2003).

Sheila first argues that the court erred when it failed to summarily grant her motion to relocate. The basis of the motion was that Chad had failed to comply with the procedure described in *Fenwick*, which states that:

> [W]hen a primary residential custodian gives notice of his or her intent to relocate with the parties' child, the burden is then upon any party objecting to file a custody modification motion within a reasonable time and after that, to satisfy the modification standard of KRS 403.340 in order to change the designation of primary residential custodian.

*Fenwick,* 114 S.W.3d at 786. Sheila contends that because Chad did not file a motion for modification until three months after Sheila's motion for relocation, and because his motion did not allege that the relocation would endanger the children, but simply alleged that it would not be in their best interests, he did not allege sufficient grounds for the court to conduct an evidentiary hearing. Additionally, Sheila argues that, because the family court based its decision to hold an evidentiary hearing based on the GAL's report and other evidence, and not merely on the affidavits, it was error for the court to hold an evidentiary hearing.

■ Chad argues that Sheila failed to preserve the issue for appellate review because she did not object to the family court's finding that there was sufficient evidence of emotional harm to hold an evidentiary hearing. Because Sheila argued in her motion to summarily grant her motion to relocate and her memorandum in support of her motion to relocate that Chad had not complied with *Fenwick,* we find that the issue was sufficiently preserved for our review.

We find that Chad and the court complied with the procedures required in *Fenwick.* Given the motions filed and the amount of activity in the case, we do not find that three months was an unreasonable time in which to file the motion for a change of custody. In *Fowler v. Sowers,* 151 S.W.3d 357 (Ky.App.2004), this Court held that a father was not required to allege serious physical or emotional endangerment to a child to support his motion for a change of custody. Rather, the removal of a child from its known surroundings and extended family was a change of circumstances that merited a full hearing under KRS 403.340. *Id.* at 359.

Most importantly, as explained in *Pennington,* much of the procedural discussion

in *Fenwick* must be disregarded because the Court applied the incorrect standard in that case. The relocation in *Fenwick* was raised *prior to* entry of the final custody decree. Had the relocation motion been made post-decree, as it was here, the focus should have been on whether an actual change in custody was being sought.

■ *Fenwick* directed the parent opposing relocation to file a motion for change of custody pursuant to KRS 403.340, yet subsequently acknowledged that "the essence of joint custody is shared decision-making," and that "the joint custody itself will remain unaffected by [the mother's] relocation because [the father] will still be able to continue sharing substantial time with his children through personal contact and other means …[.]" *Fenwick,* 114 S.W.3d at 789. Therefore, a parent opposed to relocation but not seeking a change in joint custody does not need to make a motion for a change of custody, but rather a motion for modification of timesharing. *Pennington,* 266 S.W.3d at 768. "[S]ince the nature of the custody does not change, the trial court is not bound by the statutory requirements that must be met for a change of custody, but can modify timesharing based on the best interests of the child as is done in modifying visitation." *Id.* Because *Fenwick* is not applicable to this case, any error in failing to follow its procedural mandates is harmless, as the custody decree was never modified. Therefore, the family court did not err in failing to summarily grant Sheila's motion to relocate.

■ Sheila next argues that the family court erred in "retroactively" applying the decision in *Pennington.* Chad again argues that, because Sheila did not file any responsive documents to Chad's motion to change custody, and filed no documents arguing that the family court should not apply the *Pennington* case, she failed to

preserve this issue for appellate review. Sheila argues in her brief that this issue was preserved for review when her counsel discussed the applicable law and standard of review during the January 6, 2009 hearing. During that discussion, Sheila's lawyer stated as follows:

> And [the court is] going to have to determine the applicability of *Pennington* or ... you know, and I don't know ... it's kind of an unusual situation of, is this particular case going to apply to something that's already been filed and hasn't concluded, so ... is it retroactive and does *Fenwick* apply ... I don't know if I have an answer to that ... [.]

Although there is no evidence of an objection in the record made to the family court's final decision to apply *Pennington,* we find that the issue was sufficiently preserved for our review.

The family court stated in its March 30, 2009 order that *"Pennington* governs because it is the law in effect at the time a decision is made, rather than at the time the case is filed that governs," and cited *BellSouth Telecommunications, Inc. v. Southeast Telephone, Inc. and Public Service Commission of Kentucky,* 462 F.3d 650, 657 (6th Cir.2006). Sheila quotes the portion of *BellSouth* which discusses the retroactive application of new law to substantive rights, including several citations which state that retroactivity is disfavored.

█ However, all of the cases cited by Sheila dealt with the application of new statutes or regulations retroactively to events which had already occurred. *Pennington* is not a statute or a regulation, it is a judicial decision rendered during the proceedings in this case. Therefore, the more appropriate discussion should revolve around the retroactive applicability of new judicial precedent. In cases involving new judicial precedent, "a court is to apply the law in effect at the time it renders its decision." *Commonwealth v. Alexander,* 5 S.W.3d 104, 106 (Ky.1999). In *Alexander,* the courts looked to whether the decision resulted in a procedural or a substantive change in the law. *Id.*

In this case, the *Pennington* case did not affect Sheila's substantive rights. Rather, *Pennington* clarified the procedures that currently exist under KRS 403.340 and 403.320 for the process of challenging a motion for relocation.

Additionally, it must be noted that no decision or event had actually taken place to which *Pennington* could have been applied retroactively. No decision had been rendered on the appealed issue at the time that *Pennington* was rendered. No final hearing had been held on the motion to relocate, the motion to summarily grant the motion to relocate, or Chad's custodial modification motion. The final decision of the family court had not been made. Therefore, the family court did not err in its determination that *Pennington* was the applicable law in this case.

█ Finally, Sheila argues that the family court failed to give appropriate weight to the GAL for the children and made findings of fact that were not appropriate or supported by the record. Sheila argues that, although the original report from the GAL indicated that the GAL was opposed to relocation, her supplemental report stated the following:

> "My original concern with taking the children from their father seems to be not as critical, given the fact that R. says his dad is never around to play with, all he does is play video games and that he is afraid his dad will get mad because he does that a lot. Another concern I previously had was that the children were going to miss out on after-school activities and sports, but dad is unable to attend many practices and

games due to his 2–10 schedule. R. seems to really like Dad's fiancée, but spending time with Dad rather than fiancée is the important issue here."

The report also states that "If the burden the Court has placed on the parties to prove is that a move from dad would cause irreparable harm, I do not feel it would cause irreparable harm to the children if they were to move with their mother."

As already stated, this Court will not disturb the court's findings of fact unless they are clearly erroneous. In this case, based on the evidence, we are unable to find that the family court clearly erred when it found that relocation was not in the best interests of the children.

For the foregoing reasons, the judgment of the Kenton Family Court is affirmed.

THOMPSON, Judge, concurs.

KELLER, Judge, concurs in result only.