ACCEPTED
06-14-00145-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/9/2015 3:59:52 PM
DEBBIE AUTREY
CLERK

**No. 06-14-00145-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

1/9/2015 3:59:52 PM

DEBBIE AUTREY
Clerk

**IN THE
COURT OF APPEALS
FOR THE
SIXTH COURT OF APPEALS DISTRICT
OF
TEXAS
AT TEXARKANA TEXAS**

**MAKE HINTON O'NEAL**

**Appellant**

**V.**

**THE STATE OF TEXAS**

**Appellee**

**Appealed from
The 123rd Judicial District Court of Panola County, Texas
Trial Court No. 2013-C-0383**

**BRIEF FOR THE STATE OF TEXAS**

**Rick McPherson
Attorney at Law
418 West Sabine Street
Carthage, Texas 75633
Tel: (903) 693-7143
Fax:(903) 693-3038
mcphersonlaw@hotmail.com**

**Attorney for The State of Texas**

# IDENTITY OF PARTIES AND COUNSEL

Mark Hinton O'Neal
Appellant

Katherine Betzler
Trial Counsel for Appellant
110 South Bolivar Street, Ste. 208
Marshall, Texas 75670

Anita Jo Barrett
Trial Counsel for Appellant
110 South Bolivar Street, Ste. 208
Marshall, Texas 75670

Kyle Dansby
Appellate Counsel for Appellant
P.O. Box 1914
Marshall, Texas 75671-1914

Danny Buck Davidson
Criminal District Attorney, Panola County, Texas
Trial Counsel for the State
Judicial Building Ste. 301
108 South Sycamore
Carthage, Texas 75633-2524

Katie Nielsen
Assistant Criminal District Attorney, Panola County, Texas
Trial Counsel for the State
Judicial Building Ste. 301
108 South Sycamore
Carthage, Texas 75633-2524

Rick McPherson
Appellate Counsel for the State
418 West Sabine Street
Carthage, Texas 75633

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      Issue Presented (restated)

      WAS THE EVIDENCE PRESENTED AT
      TRIAL LEGALLY SUFFICIENT TO PROVE
      EACH ELEMENT OF THE OFFENSE CHARGED
      BEYOND A REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . 3

      Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      Elements of the Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      Discussion of Facts Supporting Conviction . . . . . . . . . . . . . . . . . 5

      Response to Appellant's Complaints . . . . . . . . . . . . . . . . . . . . . 10

      Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Certificate of Word Count . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# INDEX OF AUTHORITIES

## Cases

Baker v. State
986 S.W.2d 271 (Tex. App. – Texarkana 1998, pet.ref'd) . . . . . . . . . . . 4

Brooks v. State
323 S.W.3d 893 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . . 2,3,13

Crabtree v. State
389 S.W.3d 820 (Tex.Crim.App. 2012) . . . . . . . . . . . . . . . . . 4

Ehrhardt v. State
334 S.W.3d 849 (Tex. App. – Texarkana 2011, pet. ref'd) . . . . . . . . . . 4

Jackson v. Virginia
443 U.S. 307 (1979) . . . . . . . . . . . . . . . . . . . . . . 2,3

Malik v. State
953 S.W.2d 234 (Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . . 4

Piland v. State
No. 06-14-00063 (Tex. App. – Texarkana 2014) . . . . . . . . . . . . . . 3

Sharp v. State
707 S.W.2d 611 (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . 13

Temple v. State
342 S.W.3d 572 (Tex.App.-Houston [14 Dist.] 2010) . . . . . . . . . . . . 14

Williams v. State
235 S.W.3d 742 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . 14

## Statutes, Codes, Rules

Tex. Code Crim. Pro. Art. 38.04 . . . . . . . . . . . . . . . . . . . 13

Tex. Pen. Code § 6.03(a) . . . . . . . . . . . . . . . . . . . . . . 9

Tex. Pen. Code §31.03(a) . . . . . . . . . . . . . . . . . . . . . . . 4
Tex. Pen. Code §31.03(b)(1) . . . . . . . . . . . . . . . . . . . . . 10
Tex. Pen. Code §31.03(e)(4)(A) . . . . . . . . . . . . . . . . . . . 1,4

# STATEMENT OF THE CASE

***Nature of the Case:*** This is a felony criminal case. The Defendant, Mark Hinton O'Neal is accused of theft of property with a value of $1,500.00 or more but less than $20,000.00. The offense charged is a state jail felony. Tex.Pen. Code § 31.03(e)(4)(A)

***Course of Proceedings:*** On June 24, 2014, Defendant O'Neal having entered a plea of not guilty, the case proceeded to trial by jury in the 123rd Judicial District Court of Panola County, Texas, the Honorable Charles C. Dickerson presiding (7RR 7:6-16).

***Disposition:*** The jury found O'Neal guilty of the offense charged (CR 1:63; 9RR 115:5-13). The defendant elected to have the court assess punishment. Accordingly, the jury was discharged, and the issue of punishment was tried to the bench. At the conclusion of the evidence, the Court sentenced O'Neal to a term of 24 months in the Texas Department of Criminal Justice, State Jail Division and imposed a fine of $3,000.00 (CR 1:77; 11RR 102:22-103:3). O'Neal thereafter perfected his appeal to this Court.

1.

## ISSUE PRESENTED

**WAS THE EVIDENCE PRESENTED AT TRIAL LEGALLY SUFFICIENT TO PROVE EACH ELEMENT OF THE OFFENSE CHARGED BEYOND A REASONABLE DOUBT?**

## SUMMARY OF THE ARGUMENT

Pursuant to *Jackson v. Virginia,* 443 U.S. 307 (1979) and *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010), in a sufficiency of the evidence review, an appellate court, reviews all of the evidence in the light most favorable to the jury verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. The elements of the offense of theft as defined by a hypothetically correct jury charge are that (1) a person, (2) with intent to deprive the owner of property, (3) unlawfully appropriated property, (4) without the effective consent of the owner. There are facts in evidence whereby a rational jury could find each of these elements beyond a reasoanble doubt. Appellant's complaints go to the weight and credibility of the evidence. The jury is the exclusive judge of the facts proved and the weight to be given the testimony. This court may not sit as a thirteenth juror and substitute its judgment for that of the finder of fact.

2.

## ARGUMENT

## ISSUE PRESENTED
(restated)

## WAS THE EVIDENCE PRESENTED AT TRIAL LEGALLY SUFFICIENT TO PROVE EACH ELEMENT OF THE OFFENSE CHARGED BEYOND A REASONABLE DOUBT?

### Standard of Review

In *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) the Court of Criminal appeals held that the legal-sufficiency standard of *Jackson v. Virginia,* 443 U.S. 307 (1979), is the only standard that a reviewing court should apply in determining whether the evidence presented at trial was sufficient to prove each element of a criminal offense beyond a reasonable doubt. An appellate court, guided by that standard, reviews all of the evidence in the light most favorable to the jury verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, supra at 319. In conducting its review of the evidence, the appellate court gives deference to the responsibility of the jury to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Piland v. State*, No. 06-14-00063 (Tex. App. – Texarkana 2014).

The essential elements of the crime are determined by state law. *Crabtree v. State*, 389 S.W.3d 820, 824 (Tex.Crim.App. 2012). Sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Crabtree*, supra at 824. The hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

**Elements of the Offense**

The Appellant was charged by indictment with the state jail felony offense of theft of property with a value of $1,500.00 or more but less than $20,000.00, pursuant to Tex. Pen. Code §31.03(e)(4)(A). The elements of the offense as defined by a hypothetically correct jury charge are that (1) a person, (2) with intent to deprive the owner of property, (3) unlawfully appropriated property, (4) without the effective consent of the owner. *Baker v. State*, 986 S.W.2d 271, 274 (Tex. App. – Texarkana 1998, pet.ref'd); *Ehrhardt v. State*, 334 S.W.3d 849, 852 (Tex. App. – Texarkana 2011, pet. ref'd); Tex. Pen. Code §31.03(a).

4.

## Discussion of Facts Supporting Conviction

The question becomes, what were the facts in the record that would allow a rational jury to find beyond a reasonable doubt that Mark Hinton O'Neal, with intent to deprive Trinity Disposal and Trucking of diesel and oil, unlawfully appropriated the diesel and oil, without the effective consent of Trinity Disposal and Trucking. The facts supporting the conviction are as follows:

While on routine patrol, Panola County Sheriff's deputy, Chris Welk, stopped the Appellant in the early morning hours of April 17, 2013, (7RR 16:14-21). Welk testified that he stopped Mr. O'Neal for a defective tail lamp on the trailer he was pulling (7RR 18:5-8). On the trailer Welk saw two large plastic vessels containing a liquid that had a strong odor of gasoline or some sort of diesel (7RR 24:5-8), a blue 55 gallon oil drum containing a liquid like an oil base (7RR 23:12-14), a small pump commonly used in the oil field for transferring liquids from one container to another, and a large amount of hose that was still wet with diesel (7RR 27:14-24).

Welk testified that he was suspicious (7RR 23:6-7). His further investigation did nothing to allay his suspicions. Although the Appellant was driving a white 1999 Ford Super Duty Pickup, the license plates were for a

vehicle registered as a black 1997 Dodge (7RR 20:21 - 21:4). O'Neal himself seemed unduly nervous, apparently pacing back and forth from the front of the vehicle to the rear of the trailer (7RR 21:17-23). O'Neal told Welk that his boss had asked him to go to a location and pick up the trailer. Everything was already on the trailer when he got there (7RR 25:1-3). Welk found it unusual for an oil company to have a trailer with defective lights, especially a trailer they were going to be using at night (7RR 22:7-12). More troubling was that O'Neal couldn't tell him the location where he picked up the trailer (7RR 25:4-9) other than describing it as a Taylor lease road somewhere on Highway 169 (7RR 35:2-3) that – in Welk's judgment – might have been in DeSoto or Caddo Parish in Louisiana (7RR 35:11-12). Neither Welk nor any other investigator for the Sheriff's department were able to verify O'Neal's story (7RR 48:6-12).

Mikeal Adams testified that on April 17, 2013, he was at his girl friend's house and he ran into O'Neal (7RR 98:17-19). Adams wanted to go to his mother's house in Deberry, and he asked O'neal for a ride (7RR 99:1-5). According to Adams, O'Neal was driving a white Ford F-250 pickup, pulling a trailer with a few tanks on it (7RR 100:13-20). The Appellant did not take Adams to his mother's home, but instead to a "Trinity" location (7RR 100:1-2),

6.

where they pulled in and started loading diesel from a big tank into the tanks on the trailer using the pump in the back of O'Neal's truck (7RR 100:9 - 101:15). Later that morning, Adams heard O'Neal talking on his cell phone to a person about selling the diesel (7RR 112:17-22; RR12 State's Exhibit 1; RR 108:2-3). When they were pulled over by Welk, Adams fled the vehicle (7RR 102:22-23). He knew there was a warrant for his arrest for outstanding traffic tickets, and he was afraid he would be taken to jail (7RR 103:1-12). Adams later talked to investigators from the Panola County Sheriff's Office concerning the theft. He told them that the theft had occurred at the Trinity Disposal Well location on County Road 467 in Panola County (7RR 59:16-24). More than that, he was able to take them to the location where the diesel was stolen (7RR62:4-6).

Joe Hawkins testified that he had been the general manager for Trinity Disposal and Trucking (7RR 212:1-213:9). Trinity Disposal and Trucking owns the Weiner salt water disposal well and the Weiner Unit (7RR 213:19-25). At some point Hawkins became aware of some 900 gallons of diesel fuel and some oil missing form the Trinity Weiner Unit (7RR 214:10-215:9). Hawkins knew the Appellant, Mark Hinton O'Neal. He had been hired by Trinity, but no longer worked for them (7RR 220:1-6). Mark Hinton O'Neal did

not have permission to take diesel fuel from the Trinity Weiner Unit (7RR 220:10-13).

Welk testified that the substance in the tanks had a strong odor of "gasoline of some sort, diesel fuel." (7RR 24:7-8). On re-direct examination he said that he was familiar with the smell of diesel and what was in the tanks smelled like diesel. (7RR 46:10-16) He also testified that the hose on the trailer was wet with diesel (7 RR 27:19-21). Sheriff's Office investigator James Ferris positively identified what was on the trailer as diesel fuel (7 RR 60:9-14). Mikeal Adams testified that he and the defendant loaded diesel into the tanks on the trailer (7RR 100:11-12). Joe Hawkins testified that diesel fuel was missing from the Trinity Weiner unit location (7RR 214:10-16).

Joe Mims, an investigator for the Panola County Sheriff's department testified that the tanks on the trailer were full (7RR 200:22-201:1; 203:8-9); that they were marked in 100 gallon increments (7RR 204:4-5), and that each tank held 300 gallons (7RR 204:9-11). Hawkins testified that at the time of the theft, diesel was selling for $3.69 to $3.79 per gallon (7RR 216:2-4). Using the lower figure, the 600 gallons of diesel in the two tanks had a value of $2,214.00 which was within the range charged in the indictment.

From this summary, it is clear that there is evidence in the record to

support each element of the offense charged. The evidence, establishes that the Appellant drove to the Trinity Weiner location sometime in the early morning hours of April 17, 2013. He had a trailer with two 300 gallon tanks on it. He had a pump and hoses suitable for transferring liquids between containers. A person acts intentionally when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Pen. Code § 6.03(a). Based on these facts alone, a rational jury could find that O'Neal's conscious objective and desire was to appropriate diesel from the Trinity Weiner Location.

At the location he loaded diesel into the tanks on his trailer and he left, thereby depriving Trinity, the rightful owner, of possession of the diesel. Granted there were discrepancies in the testimony of the amount taken – Hawkins said approximately 900 gallons were missing (7RR 215:7-12), and Welk and Ferris estimated the amount of diesel in the tanks at 700 gallons (7RR 24:16-20; 61:3-4). The most direct testimony – and also the lowest figure – came from Joe Mims, who put the figure for the diesel contained in the tanks on the trailer at 600 gallons. Using Mims' number, considering only the value of the diesel in the tanks on the trailer and disregarding the value of the oil stolen and the diesel in the tank in the bed of the pickup the value

9.

of the property stolen is still in excess of the minimum amount charged by the indictment.

Adams testified that he heard O'Neal talking by telephone to an individual about selling the diesel. This was further evidence that he intended to deprive Trinity of the diesel.

Finally the testimony of Hawkins established that O'Neal was not authorized to remove diesel from the Trinity Weiner location. An appropriation of property is unlawful when it is without the owner's effective consent. Tex. Pen. Code §31.03(b)(1). Trinity did not consent to O'Neal taking its diesel, so the appropriation is unlawful.

Viewing all of the evidence in the light most favorable to the jury verdict, it is clear that there is ample evidence whereby any rational jury could have found the essential elements of the offense beyond a reasonable doubt. The conviction must be affirmed.

## Response to Appellant's Complaints

Appellant raises several complaints concerning the sufficiency of the evidence. First he argues that the testimony of Joe Hawkins was insufficient to establish when the diesel was taken. Because of the passage of time, Hawkins was unable to testify either as to the exact date he discovered the

diesel missing or the date he reported it (7RR 222:21-24). However there was other evidence that Appellant had stolen the diesel on April 17, 2013. The testimony of Mikeal Adams establishes that it was April 17, 2013, when he encountered O'Neal and asked for a ride (7RR 98:17). It was later that night that they went to the Trinity Weiner location. Further, April 17, 2013, was the date that O'Neal was stopped and apprehended with the diesel by Deputy Welk (7 RR 16:14-21). Nothing in Hawkins' testimony contradicts this. The fact that one witness is unable to establish the date of the crime with specificity, should not invalidate the conviction when other witnesses can testify concerning facts that either directly or indirectly establish when the crime occurred.

Similarly, the fact that no fingerprint evidence was introduced, does not result in the evidence being insufficient to support the conviction. Fingerprint evidence is relevant to connect an alleged perpetrator to a crime. But it isn't necessary when there is other evidence establishing the defendants connection with the offense. Here, the testimony of Mikeal Adams and Chris Welk affirmatively links the Appellant to the crime, even in the absence of fingerprints.

The appellant also complains that there were no video or audio

11.

recordings of the traffic stop. Since Appellant makes no complaint that the stop, the investigation or his subsequent arrest were in any way improper, it is hard to see how this is relevant to the issue of sufficiency of the evidence. Nor, did Appellant present any argument in his brief as to why the absence of video or audio evidence renders the evidence insufficient. In any event, Chris Welk testified about the stop and the ensuing events that lead to Mr. O'Neal's arrest. Since there was other evidence that the jury was entitled to consider, video or audio recordings would have been superfluous and their absence does not render the evidence insufficient to support the conviction.

The Appellant told Deputy Welk that he had picked up the trailer with the tanks already loaded at a location that could have been in Louisiana. Had there been evidence of this introduced at trial, there would have been a conflict in the evidence that the jury would have been required to resolve. No such evidence was introduced. Moreover, the uncontradicted testimony of Deputy Welk was that Appellant's story couldn't be corroborated. In the absence of evidence admitted at trial or corroboration the jury was fully entitled to disregard self-serving exculpatory statements the Appellant made during the course of his arrest.

Appellant complains that no exact measurement of the amount of liquid

in the tanks was ever made. That is simply not the case. Joe Mims testified that the tanks on the trailer were full (7RR 200:22-201:1; 203:8-9); that they were marked in 100 gallon increments (7RR 204:4-5), and that each tank held 300 gallons (7RR 204:9-11). That establishes that there was 600 gallons of diesel in the two tanks in question.

Finally, Appellant makes the blanket assertion that, based on his involvement in the theft, the fact that he could not immediately find the Weiner location, and his state of intoxication, the testimony of Mikeal Adams is not credible. At trial, Adams was subjected to a spirited and thorough cross-examination. The jury heard all of this and more. His credibility is solely a matter for the jury. The jury apparently believed Adams, which they were entitled to do. The jury may choose to believe or disbelieve any portion of his testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Tex. Code Crim. Pro. Art. 38.04.

## Conclusion

Appellant's complaints consist of nothing but an invitation to this court to sit as a thirteenth juror and substitute its judgment for that of the jury by reevaluating the weight and credibility of the evidence. With all due respect this Court is prohibited from doing that. *See, Brooks v. State*, 323 S.W.3d

13.

893, 905 (Tex. Crim. App. 2010). Quite the opposite is true. This Court must view all of the evidence in the light most favorable to the verdict. *Temple v. State*, 342 S.W.3d 572 (Tex.App.-Houston [14 Dist.] 2010). It is the duty of the reviewing court to ensure that the evidence presented actually supports the conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). In this case it does. The conviction should be affirmed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas respectfully prays that the jury verdict of guilty, and the judgment of conviction based thereon, be in all things affirmed. The State prays for such other and further relief to which it may show itself entitled.

RESPECTFULLY SUBMITTED,

RICK McPHERSON
418 W. SABINE STREET
CARTHAGE, TEXAS 75633
Telephone: (903) 693-7143
Telecopier: (903) 693-3038
mcphersonlaw@hotmail.com


BY: __/s/ Rick McPherson_____
    Rick McPherson
    State Bar No. 13844500

14.

Attorney for the State of Texas

## Certificate of Word Count

I, the undersigned attorney of record for Appellee, The State of Texas, certify that Appellee's brief contains 3,003 words.

__/s/ Rick McPherson_____
Rick McPherson

## Certificate of Service

A copy of the above and foregoing Brief of Appellee is being provided to all counsel of record on January 9, 2015 as follows: Kyle Dansby at kdansbylaw@gmail.com.

__/s/ Rick McPherson_____
Rick McPherson
Attorney for Appellee