RENDERED:  NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0614-ME

DANIELLE BURCH                                                                          APPELLANT

v.                   APPEAL FROM ANDERSON CIRCUIT COURT
                     HONORABLE S. MARIE HELLARD, JUDGE
                     ACTION NO. 20-CI-00149

PAUL LIPSCOMB                                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Danielle Burch (Mother) appeals the Anderson Family Court's May 24, 2021, Findings of Fact, Conclusions of Law, and Order requiring her children to be vaccinated.  Mother objected to vaccinating her children based on her religious convictions, while joint custodian Paul Lipscomb (Father) desired that his children be vaccinated.  Mother contends the family court violated her religious freedom and beliefs.  Finding no error, we affirm.

## BACKGROUND

The parties divorced on June 15, 2018. In accordance with the decree of dissolution, they share joint custody and equal timesharing of their two minor children, aged eight and six. Throughout their marriage, and through the divorce proceedings, the parties agreed to decline required immunizations for their children on religious grounds. They had executed affidavits in New York and Georgia declining vaccinations for their children on religious grounds. On October 12, 2018, after their divorce, both parties executed the Commonwealth of Kentucky's form for declining immunizations on religious grounds.

However, two years later, on June 30, 2020, Father filed a motion for an order permitting him to vaccinate the children. Mother objected, and a hearing was conducted by the Anderson Family Court to resolve the question.

At the hearing, Father testified that he originally agreed not to vaccinate the children because he was leaving for deployment with the military and was unable to meet with the pediatrician. He thought there was an understanding the parties would just delay the vaccines. But, after he finished his military service, he began discussions with Mother regarding vaccinations for the children.

Father stated that when he signed the vaccination declination affidavit he had doubts about the development of certain vaccines by use of aborted fetal cells. Now he believes the use of aborted fetal cells is so far removed from the

process of developing vaccines that his concerns no longer exist.  He believes it is appropriate to vaccinate the children.  He wants to follow the advice of the children's pediatrician to vaccinate.

Mother vehemently objects.  She argues doing so violates her firmly held religious convictions opposing the use of aborted fetal cells in the manufacture and design of the vaccines.  Rather, she accepts the propriety and efficacy of, and prefers, using medication and antibiotics to treat her children.  Mother argues there was an understanding between her and Father that the children should not be vaccinated and produced multiple documents the parties signed to that effect.

The family court found it was in the children's best interest to be vaccinated.  It reasoned that, on balance, the children's health and welfare outweighed the religious beliefs of one parent.  The court ordered that the parties consult with the pediatrician to craft a "catch-up" schedule bringing the children current on vaccinations and other immunizations, or, if the parties were able, to agree to alternative vaccines that could potentially be utilized that do not use aborted fetal cells in their development and design.  This appeal followed.

**STANDARD OF REVIEW**

At the outset we note the overriding principle, as correctly determined by the family court, that the best interest of each child must be served by the family

-3-

court's decision. *Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984). As to what constitutes the best interest of the child, this Court reviews any factual findings under the clearly erroneous standard; any decisions based upon said facts are reviewed under an abuse of discretion standard. *See* 1 RALPH S. PETRILLI, KENTUCKY FAMILY LAW § 26.22 (1988) (citing *Largent v. Largent,* 643 S.W.2d 261 (Ky. 1982)).

## ANALYSIS

Mother argues the family court erred by ordering her children vaccinated against her religion-based opposition. She takes the position that the family court did not articulate any detriment or risk of harm to her children by not vaccinating them. Father responds by arguing Mother's religious freedoms should not take precedence over his.

Citing Kentucky law, Mother argues the family court cannot order "immunization[s] of any child whose parents or guardian are opposed to medical immunization against disease, and who object by a written sworn statement . . . based on religious grounds[.]" Kentucky Revised Statute (KRS) 214.036(1)(b). However, Father responds that the statute refers to the plural "parents," not the singular. He therefore argues that when one parent objects, and the other parent does not, the court must decide. We agree because this is in harmony with our family law jurisprudence.

-4-

Jurisprudence in this area already takes into account the constitutionally protected rights of parents to raise their children free of undue governmental interference. *Troxel v. Granville*, 530 U.S. 57, 72-73, 120 S. Ct. 2054, 2064, 147 L. Ed. 2d 49 (2000). The cautions and generally applicable safeguards of that jurisprudence embrace Mother's specific claim under the First Amendment to the federal Constitution. "[T]he legislature imposed constitutionally tailored limits on the courts' power and authority by enacting various provisions of KRS Chapter 403." *Gonzalez v. Dooley*, 614 S.W.3d 515, 521 (Ky. App. 2020).

The starting point is that these constitutionally protected "right[s] and liberty interest[s] necessarily exist coterminously, and jointly, in two people – the child's mother and the child's father." *Id.* at 520. Here, we have an impasse between Mother and Father and our jurisprudence addresses such circumstances.

"[A] family court properly exercising its jurisdiction has the inherent ability to 'break the tie' when joint custodians cannot agree." *Id.* at 521 (citations omitted). Furthermore, once the courts are involved, "equal decision-making power is not required for joint custody, and parties or trial courts are free to vest greater authority in one parent even under a joint custody arrangement." *Fenwick v. Fenwick*, 114 S.W.3d 767, 776 (Ky. 2003), *superseded by statute on other grounds as stated in Fowler v. Sowers*, 151 S.W.3d 357, 359 (Ky. App.

2004), *overruled on other grounds by Frances v. Frances*, 266 S.W.3d 754 (Ky. 2008). The resolution process is clear.

> If, as in the instant case, the parties to a joint custody agreement are unable to agree on a major issue concerning their child's upbringing, the trial court, with its continuing jurisdiction over custody matters, must conduct a hearing to evaluate the circumstances and resolve the issue according to the child's best interest. Once the parents have abdicated their role as custodians to the trial court, its decision is binding on the parties until it is shown that the decision is detrimental to the child physically or emotionally, or is no longer in his best interest.

*Burchell*, 684 S.W.2d at 300.

Because Mother and Father, as joint custodians, failed to agree on this consequential issue concerning medical decisions for their children, Father engaged the court and asked that it perform its role. The family court did conduct the hearing as required, heard testimony from both Mother and Father, and found that it would be in the children's best interest to be vaccinated in accordance with their pediatrician's recommendations and Centers for Disease Control and Prevention (CDC) guidelines. The family court noted that the health and welfare of the children is this "[c]ourt's priority even when balanced against the proclaimed religious beliefs of one parent." (Trial Record 408.)

Under analogous circumstances involving First Amendment objections by one parent, this Court reached the same conclusion. *Young v. Holmes*, 295 S.W.3d 144 (Ky. App. 2009). In *Young*, as in this case, the family

court made an informed decision after a hearing that was based on the children's best interest. We cannot say the family court's factual findings lacked the support of substantial evidence, and we cannot conclude that it made any legal error in reaching its decision.

## **CONCLUSION**

The Anderson Family Court's May 24, 2021, Findings of Fact, Conclusions of Law, and Order is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Tamara Combs
Lexington, Kentucky

BRIEF FOR APPELLEE:

Ann D'Ambruoso
Lexington, Kentucky